(No. 37487.—

FOLLETT'S ILLINOIS BOOK AND SUPPLY STORE, INC., *et al.,* Appellants, *vs.* THEODORE J. ISAACS, Director of Revenue, Appellee.

*Opinion filed March 25, 1963.—Rehearing denied May 29, 1963.*

BROWN, FOX & BLUMBERG, of Chicago, (NATHAN S. BLUMBERG and JACOB L. FOX, of counsel,) for appellants.

CHARLES G. CHESTER and MARTIN L. BOGOT, (MARTIN, CRAIG, CHESTER & SONNENSCHEIN, of Chicago, of counsel,) for *amicus curiae,* Illinois Retail Merchants Association.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellee.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (ANDREW C. HAMILTON and THOMAS F. SCULLY, of counsel,) for *amici curiae,* Knox College *et al.*

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiffs, each of which is an Illinois corporation

operating a retail bookstore near a university campus, brought this action on behalf of themselves and all others similarly situated against defendant as Director of Revenue of Illinois. They seek a declaratory judgment that the exemptive provisions of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1961, chap. 120, pars. 440 *et seq.*) and the Use Tax Act (Ill. Rev. Stat. 1961, chap. 120, pars. 439.2 *et seq.*), as amended by Senate Bills 564 and 565 (Laws 1961, pp. 1738 and 1772) are unconstitutional and void, and severable from the acts which they amend, and that Rule 38 of defendant, interpreting said acts, is void and of no effect. Alternatively, they ask judgment declaring that sales at retail by a nonprofit educational institution, to its students and members, of tangible personal property to be used primarily for school purposes are exempt only to the extent of sales of items that are not sold or offered for sale by persons organized for profit. They also ask that defendant be restrained from giving effect to the amendments and his interpretive bulletin (Rule 38) during the pendency of the action. Defendant's motion to dismiss the complaint for failure to state a cause of action and for want of equity was sustained. Plaintiffs elected to stand on the complaint, and appeal directly here since the revenue and constitutionality of statutes are involved. Ill. Rev. Stat. 1961, chap. 110, par. 75(1)(b).

In 1961 the amendments complained of were adopted which relate to the definitive sections of the Use Tax Act and the Retailers' Occupation Tax Act, as follows: "excepting only a person organized and operated exclusively for charitable, religious or educational purposes to the extent of sales by such person to its members, students, patients or inmates of tangible personal property to be used primarily for the purposes of such person, and to the extent of sales by such person of tangible personal property which is not sold or offered for sale by persons organized for profit." Laws of 1961, pp. 1739, 1773.

Subsequent to the approval of these amendments, defendant issued a bulletin (now Rule 38) which, among other provisions, exempts from the retailers' occupation and use taxes the sales by schools to their students and faculty of school books and school supplies for use in their class work.

Since the defendant's motion to dismiss the complaint, as amended, admits all facts properly pleaded (*People* v. *Sterling,* 357 Ill. 354), and raises the question of the sufficiency of the complaint, as amended, (*Miller* v. *City of Chicago,* 348 Ill. 34), we must look to the material allegations of the complaint. Briefly, plaintiffs allege that they own and operate retail bookstores near the universities of Chicago and Illinois and Northwestern University, each of which universities operates a bookstore on its campus; that the universities are not-for-profit corporations operated for educational purposes and that their bookstores are not essential to such purposes or operated in furtherance of such purposes, but are in fact retail stores operated in direct competition with plaintiffs' stores, soliciting the same class of customers, offering the same merchandise from the same suppliers at substantially similar prices. Plaintiffs further allege that while they pay the retailers' occupation tax on sales of textbooks and school supplies, the defendant assesses no such tax against the university-owned stores on similar sales; that the impact of such tax falls on the purchasers at retail; that the total annual volume of sales of textbooks and school supplies to college and university students in Illinois schools is $10,705,300, of which $4,-791,350 is from college and university-owned stores, treated by defendant as exempt from sales or use tax, and $5,913,-950 from stores operated by plaintiffs and others similarly situated; that of the approximately 214,106 college and university students in Illinois, 34 per cent or 73,956 attend schools which do not operate bookstores, and are required to pay a sales or use tax on items identical to those sold

without tax to students who attend a school operating a bookstore.

Plaintiffs further allege long-standing competition with the university bookstores based upon prompt service, availability of trade-in privileges "and like factors", and that the exemption granted by defendant burdens them with a competitive disadvantage which will be fatal to them in the conduct of their lawful businesses. They further allege an actual controversy exists, and that they will suffer irreparable injury unless defendant is restrained, pending final decision, from giving effect to his interpretation of the amendments.

Since all parties seek a declaratory judgment on the merits, we need not consider the sufficiency of the complaint for the issuance of a temporary injunction, but we hold plaintiffs state a cause of action for declaratory judgment, and are proper parties to bring the suit. An actual controversy exists and the plaintiffs allege sufficient facts to establish their interest in the controversy, thus coming within the requirements of the Declaratory Judgments Act. Ill. Rev. Stat. 1961, chap. 110, par. 57.1. *Liquor Dealers' Ass'n v. Schreiber*, 382 Ill. 454, 459; *American Civil Liberties Union* v. *Chicago*, 3 Ill.2d 334, 353; *People ex rel. Holland Coal Co.* v. *Isaacs*, 22 Ill.2d 477.

We presume the legislature intended to enact a valid law, and we will not determine the constitutionality of these amendatory bills if this case can be finally disposed of without such determination. (*Stewart* v. *Department of Public Works and Buildings*, 336 Ill. 513, 521.) In ascertaining the legislative intent, it is proper to consider the circumstances leading up to the adoption as well as the language used in the acts themselves. In 1942 this court held the Retailers' Occupation Tax Act did not apply to sales of tangible personal property by nonprofit corporations. (*Svithiod Singing Club* v. *McKibbin*, 381 Ill. 194.) Following the 1935 decision in *Burgess Co.* v. *Ames*, 359

Ill. 427, no attempt was made to impose the tax on the sale of books and other publications. Then in 1961, Senate Bill 568 (Laws 1961, p. 1743) was adopted subjecting the sale of books to retailers' occupation tax, and a similar bill (S.B. 569) imposed the use tax (Laws of 1961, p. 1777). Both of these bills, together with the amendatory laws in question here, were approved on July 10, 1961, along with five other amendments to the Retailers' Occupation Tax Act and six other amendments to the Use Tax Act. With the exception of two amendments making reference changes, all amendments broadened the base or enlarged the scope of the two tax acts.

Defendant contends the legislature clearly created two exemptions for sales of tangible personal property by a person organized and operated exclusively for educational purposes: (1) sales, to its members and students, of tangible personal property to be used primarily for its purposes, and (2) sales to anyone, without limitation, of tangible personal property not sold or offered for sale by persons organized for profit. Plaintiffs contend the legislature creates but one exemption and to qualify the sale must satisfy four conditions: (1) the seller must be organized and operated exclusively for educational purposes, (2) the buyer must be a member or student, (3) the property sold must be used primarily for the purposes of the school, and (4) the property must not be sold or offered for sale by persons organized for profit.

This disparity in interpretation to which the amendments lend themselves is emphasized by the able briefs of the parties and *amici,* but it is apparent to us that one of the purposes of the legislature was to impose these taxes on the sale of books at retail and also on sales of non-profit corporations, subject to the exceptions contained in the bills as finally adopted. Well settled principles are applicable in the determination of legislative intent and statutory interpretation. Amendments are to be construed to-

gether and with the original act to which they relate as constituting one law and as part of a coherent system of legislation. (*Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493, 500, and cases there cited.) Legislative intention must be determined not only by the language employed but from the reason and necessity for the acts and the objects and purposes sought to be accomplished. (*Lincoln Nat. Life Ins. Co.* v. *McCarthy,* 10 Ill.2d 489; *Gannon* v. *Chicago, Milwaukee, St. Paul and Pacific Railway Co.* 22 Ill.2d 305.) Statutes exempting property from taxation must be strictly construed and cannot be extended by judicial interpretation. In determining whether property is included within the scope of a tax exemption all facts are to be construed and all debatable questions resolved in favor of taxation. Every presumption is against the intention of the State to exempt property from taxation. *Rotary International* v. *Paschen,* 14 Ill.2d 480, 486, and cases there cited.

In *Holland,* 22 Ill.2d 477, we recognized the common and accepted practice of persons subject to the retailers' occupation tax to quote and collect the tax separately from the selling price and, as defendant points out, also approved as sound public policy the exemption of certain sales to charitable, religious or educational institutions, since "reduced costs of charities, which relieve the State of many burdens it would otherwise be obliged to bear, will result * * *." (p. 481.) But *Holland* involved sales *to* rather than sales *by* such institutions. Here the facts alleged, and admitted by defendant's motion, are that educational institutions sell to their students the same books and supplies purchased at the same cost from the same sources and sold at the same price, except for the retailers' occupation tax. Obviously there is a profit accruing to a nonprofit corporation from such a transaction where there is no substantial difference in the sales price to the student, and if such sales are exempt, the profits to the school would increase as plaintiffs' customers avail themselves of the price differential

between the school stores and the stores admittedly operated for profit.

We do not believe the legislature intended to exempt this type of sale—rather the clear import of the 1961 amendatory legislation was to broaden and extend the retailers' occupation and use taxes to the sale of all books and the sales of tangible personal property by not-for-profit educational institutions excepting only sales by such educational institutions to its members and students of tangible personal property to be used primarily for school purposes not sold or offered for sale by persons organized for profit. There is no merit to defendant's argument that this interpretation effectively nullifies the exception to educational institutions. If the exempt transactions are so minor in amount, and the legislature intended to exempt nearly five-million dollars of sales by the schools, it would be more reasonable to suppose the legislature would have then simply exempted *all* sales by schools, and continued the *Svithiod* rule as to them.

Also to be given consideration here is the legislative use of the conjunctive "and". As amended the act excepts from taxation "a person organized and operated exclusively for charitable, religious or educational purposes to the extent of sales by such person to its members, students, patients or inmates of tangible personal property to be used primarily for the purposes of such person, *and* to the extent of sales by such person of tangible personal property which is not sold or offered for sale by persons organized for profit." (Emphasis supplied.) The general rule applicable is set forth in 2 Sutherland, Statutory Construction, sec. 4923, p. 450 (3rd ed.) as follows: "Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive 'and' should be used". Also at note 2, p. 451, "When the term 'and' is used, it is presumed to be used in the conjunc-

tive sense, unless the legislative intent is clearly contrary." Our own expressions upon the question are exemplified in *Campbell* v. *Prudential Insurance Co. of America,* 15 Ill.2d 308, 311, where we said: "On occasion the disjunctive 'or' has been read as the conjunctive 'and'. [Citing cases]. Such a construction, however, is permissible only when a literal reading is inconsistent with an apparent legislative purpose. [Citing cases]." Here, the use of "and" in the usual, conjunctive sense is entirely harmonious with the apparent legislative purpose, and in our opinion, a more reasonable interpretation than that contended for by the defendant.

Having regard, therefore, to the legislative intent to broaden the base for retailers' occupation and use taxes, as manifested by the titles and content of Senate Bills 564 and 565, the inclusion for the first time of books as taxable items, the elimination of the exempt status of not-for-profit corporations, (except as provided in the amendments) the presumption favoring taxation, together with the use of the conjunctive "and", we conclude that the exemption from tax is provided for a person organized and operated exclusively for charitable, religious or educational purposes and limited to sales by such person to its members, students, patients or inmates of tangible personal property not sold or offered for sale by persons organized for profit. The phrase "to be used primarily for the purposes of such person" simply limits the type of permissibly exempt sales to those otherwise exempt and which are to be so used. We therefore hold that the bulletins and Rule 38 issued by defendant Director enlarge an exemption contrary to the amendatory sections in question here, and are hence void. *Superior Coal Co.* v. *Department of Revenue,* 4 Ill.2d 459, 468.

Since the complaint as amended states a cause of action for declaratory judgment, the defendant's motion to strike and dismiss should have been overruled, and the

decree is reversed and the cause remanded to the circuit court of Cook County with directions to proceed in a manner consistent herewith.

*Reversed and remanded, with directions.*