NUTRITION HEADQUARTERS, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE OF THE STATE OF ILLINOIS, Defendant-Appellee.

Fifth District   No. 5—83—0377

Opinion filed May 4, 1984.

James W. Morris, of Barrett, Twomey, Morris & Broom, of Carbondale, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Frederic D. Tannenbaum, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

The question presented here is whether the act of placing mailing labels on, sorting and mailing advertising circulars in Illinois is taxable under the Service Use Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 439.31 *et seq.*), when the circulars are printed outside Illinois and are mailed to locations outside Illinois. We hold that that act is not taxable under those circumstances.

The taxpayer in these proceedings is Nutrition Headquarters, Inc., a Delaware corporation authorized to do business in Illinois. Its trade is the mail-order sale of vitamins and health food products. Those orders are filled at the taxpayer's Carbondale establishment. The taxpayer has customers in all 50 States, and the number of its

customers in each State is roughly proportional to the population of that State.

At an administrative hearing before the Department of Revenue, the taxpayer's president, Henry Rosenberger, explained that the taxpayer solicits orders by sending catalogs or advertising circulars through the mails. Those circulars are printed outside Illinois and are shipped to Carbondale with postal *indicia* printed on them, but without mailing labels. The circulars are unloaded and passed through an addressing machine which applies customer address labels. The taxpayer's employees then remove the circulars from the machine, tie them in bundles and place them in mail sacks to which are affixed labels specifying a post office sectional center to which a particular sack will be sent. The sacks are then taken to the Carbondale Post Office.

Henry Rosenberger admitted that the circulars could be addressed where they are printed and mailed directly from those locations. However, that could jeopardize the confidentiality of what Rosenberger termed the principal asset of the taxpayer, namely its mailing list. Approximately 85% of the taxpayer's business consists of orders from customers already on that list.

Prior to the institution of these proceedings, the Department of Revenue (the Department) only assessed service use taxes on the labelling, sorting and mailing of circulars to locations within Illinois. The taxpayer does not question this policy. In October 1980, the Department sent notice of its intent to assess taxes on all circulars processed by the taxpayer, resulting in an assessment of approximately $77,000 for the period between January 1, 1977, and February 29, 1980. The taxpayer protested, and an evidentiary hearing was held before the Department, following which the referee upheld the assessment on the processing of all circulars. That decision was affirmed by the circuit court of Jackson County.

■ In this court, the taxpayer argues that (1) its act of processing the circulars is not a "use" within the meaning of the Service Use Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 439.32), (2) its act is within the "temporary storage" exception to the tax (Ill. Rev. Stat. 1983, ch. 120, par. 439.33(d)), and (3) application of the tax to its processing of all circulars would be an unconstitutional burden on interstate commerce. Because we agree that the temporary storage exception covers the taxpayer's processing of circulars which are sent to locations outside Illinois, we need not address the constitutional argument.

The Service Use Tax Act (the Act) imposes a tax upon "the privilege of using in this State real or tangible personal property *** acquired as an incident to the purchase of a service from a serviceman."

(Ill. Rev. Stat. 1983, ch. 120, par. 439.33.) Printed materials are tangible personal property acquired as an incident to the purchase of a service from a serviceman within the meaning of the statute. (*Deere & Co. v. Allphin* (1977), 49 Ill. App. 3d 164, 166, 364 N.E.2d 117, 118.) Excepted from the operation of the Act is "the temporary storage, in this State, of property which is acquired outside this State and which, subsequent to being brought into this State and stored here temporarily, is used solely outside this State or physically attached to or incorporated into other property that is used solely outside this State." (Ill. Rev. Stat. 1983, ch. 120, par. 439.33(d).) Although the stated purpose of this and similar exceptions is "to prevent actual or likely multistate taxation," the taxpayer need not show such taxation to have occurred or to be imminent. (*Time, Inc. v. Department of Revenue* (1973), 11 Ill. App. 3d 282, 285, 295 N.E.2d 529, 531.) Nonetheless, statutes exempting property from taxation must be strictly construed. *Follett's Illinois Book & Supply Store, Inc. v. Isaacs* (1963), 27 Ill. 2d 600, 606, 190 N.E.2d 324, 327.

The taxpayer correctly observes that there are three inquiries necessary in determining whether the temporary storage exception applies. First, was the property acquired outside the State? Certainly the circulars were acquired outside Illinois. Second, was the property temporarily stored in Illinois? The circulars were, at a minimum, stored for a period of time here, but the issue is whether that was all that occurred here. This is the point of the third, and most significant, inquiry, whether the property was used solely outside of Illinois. See *United Air Lines, Inc. v. Mahin* (1971), 49 Ill. 2d 45, 55, 273 N.E.2d 585, 590, *vacated & remanded* (1973), 410 U.S. 623, 35 L. Ed. 2d 545, 93 S. Ct. 1186, *aff'd on remand* (1973), 54 Ill. 2d 431, 298 N.E.2d 161.

There are very few cases which have considered the Act's temporary storage exception, but the parties agree that the most pertinent authority is *Time, Inc. v. Department of Revenue* (1973), 11 Ill. App. 3d 282, 295 N.E.2d 529. In *Time*, the taxpayer ordered finished unprinted paper to be shipped from outside Illinois to its Chicago warehouses. The paper was then cut to letter size, cut or formed into envelopes and subscription order forms and printed to make complete letters, envelopes and subscription forms for the taxpayer's periodicals. The completed letters, forms and return envelopes were stuffed into the mailing envelopes and sent to persons within and without Illinois. The taxpayer paid the service use tax on the paper used to make letters, envelopes and forms sent to Illinois destinations, but objected to the imposition of the tax on the remaining paper.

The taxpayer relied upon the temporary storage exception. The appellate court rejected its argument, and explained that the paper was "used" in Illinois when it was transformed into letters, envelopes and forms because the taxpayer did more with the paper than merely incorporate it into other property used solely outside Illinois. The court also stated that a second use of the paper in Illinois occurred when the solicitation letters were mailed from Chicago and the return addressed envelopes and subscription cards were returned to Chicago and processed into subscriptions.

*Time* is correct on its facts, and we agree with the reasoning in that opinion that the paper was processed with, not incorporated into the ink, glue and other materials necessary to manufacture the subscription mailings. But, we cannot accept the court's statement, in *dicta*, that a "second use" of the paper occurred with the mailing of the forms and processing of the subscriptions in Illinois. If, indeed, that conduct by the taxpayer in *Time* constitutes a taxable use in Illinois, then logically, were the subscription forms not significantly altered in Illinois, only the mailed forms which are returned to Chicago and result in subscriptions could be taxed. The enormous burden that this construction of the Act would place upon taxpayers is apparent. We decline to so read the Act, because it will be presumed that the legislature did not intend absurdity, inconvenience or injustice. *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236.

In the case at bar, the taxpayer did not process raw materials into catalogs, but instead only affixed address labels to them. The result reached in *Time* is therefore not controlling here. The Department responds that even if the acts of the taxpayer in this case are not taxable under the authority of *Time*, they should be taxable according to the reasoning of *Deere & Co. v. Allphin* (1977), 49 Ill. App. 3d 164, 364 N.E.2d 117. In *Deere*, the taxpayer ordered brochures from a printer in Illinois. Those brochures were sent to an agent of the taxpayer's, in Moline, where they were placed in envelopes, addressed, sorted and mailed to locations within and without Illinois.

The appellate court held that the preparation of the brochures for mailing, performed for the taxpayer by its agent, constituted a taxable use of the brochures in Illinois. The Department reasons that if the preparation of the brochures for mailing in *Deere* was a "use" of them, then so was the preparation of the circulars by the taxpayer here. It must be conceded that the acts of the taxpayer's agent in *Deere* are not distinguishable from the acts of this taxpayer. But, *Deere* did not address the question presented here, namely, the application

of the temporary storage exception. The brochures in *Deere* were printed in Illinois, while the circulars at issue were not.

In our opinion, the taxpayer's preparation of the circulars for mailing falls squarely within the wording of the temporary storage exception. Where a taxpayer accepts fully printed advertising material from outside Illinois and does no more than address it, sort it and mail it in Illinois, it is not subject to service use taxes on that material which is sent out of Illinois. For these reasons, we must reverse the judgment of the circuit court of Jackson County upholding the Department's assessment of a deficiency for that conduct on the part of the taxpayer.

Reversed.

JONES and KASSERMAN, JJ., concur.