(No. 60271.—

NUTRITION HEADQUARTERS, INC., Appellee, v. THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed March 29, 1985.*

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Patricia Rosen and Susan C. Weidel, Assistant Attorneys General, of Chicago, of counsel), for appellant.

James W. Morris, of Barrett, Twomey, Morris & Broom, of Carbondale, for appellee.

JUSTICE SIMON delivered the opinion of the court:

We are here called upon to decide whether the act of attaching mailing labels to, sorting, and mailing catalogs which are brought into Illinois for the sole purpose of labeling and mailing the material for delivery throughout the United States is exempt from taxation under the Service Use Tax Act (the Act) (Ill. Rev. Stat. 1979, ch. 120, par. 439.31 *et seq.*).

Nutrition Headquarters, Inc., the plaintiff taxpayer, is a Delaware corporation authorized to operate a mail-order vitamin and health food business in Illinois. The plaintiff's catalogs are printed and stamped in preparation for mailing in Iowa, Maryland, Massachusetts, and New York. The catalogs, each already bearing a United States postal stamp, are then sent to Nutrition's Illinois

office. There they are labeled with customers' names and addresses, sorted, and mailed throughout the country. The labeling is done in Illinois, the plaintiff's corporate headquarters, because Nutrition is fearful that if it released its mailing list to printers in other States, the list might fall into the hands of its competitors.

In October 1980 the Illinois Department of Revenue informed Nutrition that it was liable for taxes under the Act because it was processing the catalogs in Illinois. In an administrative hearing, Nutrition disputed liability for catalogs mailed to customers living outside of Illinois while it conceded it was liable for the use tax on material mailed to Illinois residents. At the administrative hearing, the assessment was held valid, and this ruling was affirmed by the circuit court of Jackson County. The appellate court reversed the ruling, holding that the temporary storage exception to the Act (Ill. Rev. Stat. 1979, ch. 120, par. 439.33(d)) exempted the plaintiff's actions from taxation. (123 Ill. App. 3d 997.) We granted the Department's petition for leave to appeal (94 Ill. 2d 315(a)) and now affirm the appellate court.

The Service Use Tax Act taxes "the privilege of using in this State real or tangible personal property acquired as an incident to the purchase of a service from a serviceman." (Ill. Rev. Stat. 1979, ch. 120, par. 439.33.) While the taxpayer acknowledges that its catalogs are tangible personal property acquired incident to the purchase of services, it maintains that the temporary storage exception to the Act precludes taxation of the material sent out of State and that a contrary result would unconstitutionally burden interstate commerce. That exception provides:

> "To prevent actual or likely multistate taxation, the tax herein imposed does not apply to the use of tangible personal property in this State under the following circumstances:

\* \* \*

(d) the temporary storage, in this State, of property which is acquired outside this State and which, subsequent to being brought into this State and stored here temporarily, is used solely outside this State or is physically attached to or incorporated into other property that is used solely outside this State, or is altered by converting, fabricating, manufacturing, printing, processing or shaping, and, as altered, is used solely outside this State." (Ill. Rev. Stat. 1979, ch. 120, par. 439.33(d).)

The taxpayer maintains, and the appellate court held, that the exception applies because the catalogs were merely labeled in Illinois before continuing their interstate journey.

The temporary storage exception applies when the property is (1) acquired outside the State; (2) is stored temporarily; and (3) is used, either in the form in which it came into Illinois or as altered, solely outside this State. In this case there is no dispute as to the origin of the catalogs, the length of time they remained in Illinois, or their final destinations. The dispute is over whether the property was used in Illinois prior to its mailing.

The State argues that the catalogs were used in Illinois prior to their return to the stream of commerce. It relies on *Deere & Co. v. Allphin* (1977), 49 Ill. App. 3d 164, which held that attaching address labels and mailing catalogs in Illinois constituted a taxable use. In *Deere*, though, the catalogs were printed, labeled and then mailed, all within Illinois. In this case the catalogs were prepared and stamped in other States and had already been placed in the stream of commerce, making only a brief stop in Illinois.

The State also relies on *Time, Inc. v. Department of Revenue* (1973), 11 Ill. App. 3d 282. The taxpayer there ordered paper and had it made into envelopes and subscription cards in Illinois. The taxpayer then mailed the

solicitation letters with return addressed envelopes and subscription cards to persons outside Illinois. The appellate court held that making the envelopes and cards constituted a use in Illinois and was therefore taxable. In *dictum*, it also stated that a second use occurred when the mailing took place. While this decision may have been correct in 1973, the temporary-storage exception was amended in 1974 (Pub. Act 78—1135, sec. 2, eff. Oct. 1, 1974) by adding the following language to subsection (d):

> "or is altered by converting, fabricating, manufacturing, printing, processing or shaping, and, as altered, is used solely outside this State." (Ill. Rev. Stat. 1979, ch. 120, par. 439.33(d).)

Applying the Act as amended we believe that the exception for property which, subsequent to being brought into this State and stored here temporarily, is physically attached to other property (the mailing labels) and used solely outside this State covers Nutrition's activities. We also believe that these activities fall within the additional exception for property which, after being brought into Illinois and stored here temporarily, is altered by printing or processing and then used solely outside this State. Therefore, the Act, as amended, does not allow taxation when, as here, the items are produced outside of this State, are shipped to this State, are temporarily stored here, and then reenter the stream of commerce by mail after being physically attached to mailing labels or altered by printing or processing consisting only of attaching necessary mailing labels.

We conclude that the activity presented here falls within the exception contemplated by the temporary-storage provision. While this type of exception is to be strictly construed in favor of taxation (see, *e.g.*, *Follett's Illinois Book & Supply Store, Inc. v. Isaacs* (1963), 27 Ill. 2d 600, 606), we are still required, as a matter of

statutory construction, to follow the plain meaning of the statute when that meaning is consistent with the purpose of the exception, in this instance to avoid "actual or likely multistate taxation." (See, *e.g., People v. McCoy* (1976), 63 Ill. 2d 40, 44.) Therefore, the catalogs in question which are printed and stamped outside this State and temporarily stored in Illinois for the purpose of affixing mailing instructions and then mailed to addresses outside Illinois are exempted from the service use tax under the plain meaning of the exception. In view of our resolution of the meaning of the statute and the manner in which it applies to Nutrition's business, we need not address the plaintiff's constitutional argument.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*