LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. JOSEPH ZAMBOLE *et al.*, Defendants-Appellants.

Second District   No. 2—85—0210

Opinion filed March 20, 1986.

Leroy A. Garr & Associates, Ltd., of Chicago, for appellants.

Sweeney & Riman, Ltd., of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Joseph Zambole, appeals from the order of the circuit court of Lake County which granted plaintiff Liberty Mutual Insurance Company's motion for summary judgment and denied his cross-motion for summary judgment. Plaintiff, who was the workers' compensation carrier for defendant's employer, brought suit to recover $4,581.29 which it had paid to defendant, representing the amount of an award entered by an Illinois Industrial Commission arbitrator on behalf of defendant. Defendant had filed for a review of the arbitrator's decision before the Industrial Commission on the basis that the award was insufficient. The Commission, however, reversed the arbitrator's award, claiming that defendant had not sustained any permanent loss of the use of his hand. Pursuant to a writ of *certiorari*, the circuit court of Lake County affirmed the Commission's reversal of the arbitrator's decision. No further appeal was undertaken. Thereafter, defendant refused to repay the award to plaintiff. In its motion for summary judgment, plaintiff stated that the payment made to defendant was tendered in accordance with section 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(n)), which provides that an insurance carrier may make payments due under an award to stop the further accrual of interest on such award, notwithstanding the prosecution by either party of review, *certiorari* or appeal to the supreme court.

Defendant argues on appeal, as he did below, that the payment made by plaintiff was voluntary and made pursuant to a "claim of right" or under "mistake of law" and that he is therefore not required to return the money. He also contends that section 19(n) does not specifically provide for repayment of any monies paid.

■ Defendant correctly notes that neither money paid under a claim of right with full knowledge of the underlying facts and absent coercion, fraud or a superior bargaining position by the transferee nor money paid under a mistake of law is recoverable. (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1982), 110 Ill. App. 3d 847, 441 N.E.2d 864; *The Hartford v. Doubler* (1982), 105 Ill. App. 3d 999, 434 N.E.2d 1189.) Although, technically, payment was made

to defendant by the insurance company based on the arbitrator's decision, we do not construe this payment to have been made pursuant to a claim of right or mistake of law within the meaning of the terms as defined in *Jursich* and *The Hartford*. First, the record indicates that although the payment made by Liberty Mutual Insurance Company was voluntary, it was made during the pendency of the review of the arbitrator's award initiated by defendant. Thus, plaintiff had knowledge at the time of payment that the arbitrator's decision could be vacated, modified or reversed, especially in view of the fact that the Industrial Commission is not bound by an arbitrator's findings. (*Wellman-Lord, Inc. v. Industrial Com.* (1971), 48 Ill. 2d 533.) The payment of the compensation by an employer or his insurance carrier to an injured employee shall not constitute an admission of the employer's liability to pay compensation. (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(b).) Therefore, we do not interpret the payment as a final resolution of the dispute. Similarly, we do not perceive the payment as having been made due to a mistake of law, which has been defined as an erroneous conclusion of the legal effect of known facts. (*The Hartford v. Doubler* (1982), 105 Ill. App. 3d 999, 1001.) But even if the payment was made in error, there appears to be no evidence of legislative intent to deny the employer or his insurance carrier credit for overpayment made in error. (See, *e.g., World Color Press v. Industrial Com.* (1984), 125 Ill. App. 3d 469, 472, 466 N.E.2d 270, 272.) We believe the record supports plaintiff's contention that the payment was made pursuant to section 19(n), which allows the insurance company to avoid additional interest charges by tendering payment during the pendency of review. Despite this conclusion, however, we must address defendant's further argument that nowhere in the statute is there language providing for repayment of the money paid in order to stop the accrual of interest. Defendant claims that plaintiff is asking this court to enlarge upon the express language and the plain meaning of the words in the statute, whereas plaintiff contends that an interpretation not requiring repayment would render the provision ridiculous, absurd and meaningless.

Although no Illinois case had addressed this exact issue, several cases have discussed the section 19(n) provision in question. In *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 9, the court, in *dictum*, referred to the fact that a judgment debtor who both appeals and terminates the accrual of interest by making payment as provided by the statute runs the risk that even though he prevails in his appeal, the appellee will have dissipated the funds and he will be unable to effect recovery of the sums paid. Implied in the

court's statement is the fact that the debtor had the right to recover the amount paid, even though as a practical matter he might have difficulty doing so. We consider this potential difficulty as being the statutory basis for not requiring or not compelling payment. In contrast, defendant focuses upon two options which he explains as being either to make the payment and stop the accrual of interest but risk loss of the money totally or not to make the payment and hope that there would be either no change or possibly a decrease in the award. We do not believe that such risk of loss was intended by the legislature.

■ ■ The rule is well established that if a party has received benefits due to an erroneous judgment he must, after reversal, make restitution. (*Barnard v. Michael* (1945), 392 Ill. 130; *First National Bank v. Road District No. 8* (1945), 389 Ill. 156.) Furthermore, restitution should be allowed even if that requires some latitude because of changed conditions pending review. (*Rhodes v. Sigler* (1976), 44 Ill. App. 3d 375, 357 N.E.2d 846.) since it is presumed that the legislature in passing legislation did not intend injustice (*Nutrition Headquarters, Inc. v. Department of Revenue* (1984), 123 Ill. App. 3d 997, 463 N.E.2d 926; *Physician's Professional Liability Trust v. Wilcox* (1977), 53 Ill. App. 3d 973, 369 N.E.2d 165), we conclude that it is implied in section 19(n) of the Workers' Compensation Act that if funds have been tendered by the employer's insurer to avoid the accrual of interest pending appeal by an employee seeking a higher award, upon reversal of the arbitrator's decision, such sum must be returned to the insurer.

■ The purpose of the summary judgment procedure is to render judgment on questions of law, after first deciding that no genuine issue as to any material fact exists between the parties. (*Kusiciel v. La Salle National Bank* (1982), 106 Ill. App. 3d 333, 338, 435 N.E.2d 1217, 1221.) Consequently, we hold the entry of summary judgment in favor of Liberty Mutual Insurance Company and against defendant, Joseph Zambole, is affirmed.

Affirmed.

UNVERZAGT and REINHARD, JJ., concur.