ILLINOIS GRAPHICS COMPANY *et al.*, Plaintiffs-Appellants, v. IONA NICKUM, Defendant-Appellee.

Fourth District   No. 4—92—0511

Opinion filed February 25, 1993.—Rehearing denied March 24, 1993.

COOK, J., dissenting.

Stevenson, Rusin & Friedman, Ltd., of Chicago (John A. Maciorowski, of counsel), for appellants.

Luedtke, Hartweg & Turner, of Bloomington (Darrell L. Hartweg, of counsel), for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiffs, Illinois Graphics Company and State Farm Insurance Company, appeal from an order dismissing their complaint based upon section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g)). In their complaint, they sought recoupment of all temporary total disability (TTD) benefits paid to defendant, Iona Nickum. The circuit court concluded section 19(g) did not provide statutory authority for an employer and its insurance carrier to seek reimbursement of funds paid to an employee

who was not entitled to them. Plaintiffs' *sole* contention on appeal is that section 19(g) of the Act authorizes the recovery they seek.

We disagree and affirm.

The facts are not in dispute. Defendant worked for Illinois Graphics Company and filed an application for adjustment of claim with the Industrial Commission (Commission), alleging that she suffered an accidental employment-related injury. The parties stipulated that State Farm Insurance Company (State Farm) paid defendant TTD compensation totalling $7,899.95 pursuant to her claim. The arbitrator and Commission, however, ultimately determined that defendant failed to prove she suffered an accidental injury arising out of and in the course of her employment. Therefore, they denied all benefits. Defendant did not appeal the Commission's decision.

State Farm made a demand upon defendant for all benefits it previously paid to her as TTD compensation. When defendant declined to repay the amount, plaintiffs filed this suit. Defendant moved to dismiss, contending section 19(g) of the Act did not provide statutory authority for recoupment by plaintiffs. The trial court agreed, concluding that the Act did not provide plaintiffs a remedy for recovering workers' compensation benefits paid to an employee in the event the Commission subsequently determined that no liability existed.

Plaintiffs maintain on appeal that section 19(g) of the Act provides statutory authority by which they may seek recoupment of any sums they overpaid defendant. In relevant part, section 19(g) states the following:

> "Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judg-

ment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action duly tried and determined by the court, and shall with like effect be entered and docketed." Ill. Rev. Stat. 1991, ch. 48, par. 138.19(g).

Plaintiffs argue that because section 19(g) of the Act provides that "either party" may apply for the entry of judgment on a workers' compensation award, an employer may seek recoupment of TTD benefits paid when a later determination is made that the employee was not entitled to benefits in the first instance. Any other interpretation, in plaintiffs' view, would render the statutory language "either party" meaningless. We are unpersuaded.

■ The statute clearly contemplates that an award by the Commission must exist before any party may apply for judgment. In this case, no award was made because both the arbitrator and Commission determined defendant was not entitled to any benefits.

This construction does not render the statutory language permitting an employer to apply for entry of judgment meaningless, as plaintiffs suggest. Following the entry of an award by the Commission—with or without additional proceedings for review—parties routinely disagree on the exact amount of benefits due on the Commission award, including interest, because the calculation of interest on the workers' compensation awards is extremely complex and becomes even more so when the Commission or a court, sitting in review, modifies the amount of benefits previously awarded by the Commission or an arbitrator. See *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675.

When a dispute arises, the employer has an equal, if not greater, interest in having its liability finally determined because the failure to pay the precise amount of the award plus interest can result in grave financial consequences, including the imposition of substantial statutory attorney fees. For this reason, section 19(g) provides a method by which the employer can finally settle the extent of its liability to its employee.

■ Although plaintiffs correctly argue that they are entitled to recoupment of benefits paid to an employee who is not entitled to them, they are incorrect in their further assertion that section 19(g) of the Act provides the statutory vehicle for asserting those rights. An employer may seek such reimbursement by filing a separate suit at law if the employee refuses to pay the excess amount. *Celeste v. Industrial Comm'n* (1990), 205 Ill. App. 3d 423, 562 N.E.2d 1148;

*Liberty Mutual Insurance Co. v. Zambole* (1986), 141 Ill. App. 3d 803, 491 N.E.2d 132.

■■ A question remains concerning the proper disposition of this appeal. At oral argument, and only after questioning by the court disclosed the existence of the *Celeste* case (which neither party cited in its briefs), plaintiffs for the first time requested this court to remand the case to allow them to replead. Plaintiffs, however, never requested leave to replead at the trial level after defendant's motion revealed the defect in their complaint. In addition, plaintiffs did not raise this issue in the notice of appeal nor request this relief in their brief before this court. Accordingly, we conclude that remand is inappropriate. See *Johnson v. O'Neal* (1991), 216 Ill. App. 3d 975, 988, 576 N.E.2d 486, 495.

The dissent argues that despite the fact that the circuit court cannot be faulted for properly rejecting plaintiffs' proffered theory of recovery after its fatal deficiency was pointed out by defendant's motion, the circuit court nevertheless erred in granting the motion to dismiss by failing to *sua sponte* divine an alternate theory by which plaintiffs might prevail. As support, the dissent cites the oft-encountered phrase that a "complaint should not be dismissed *** unless it clearly appears that no set of facts could be proved which would entitle plaintiff to relief." (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504-05, 565 N.E.2d 654, 657.) This statement, of course, is not literally true because if it were, no motion to dismiss under section 2—615 of the Civil Practice Act (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) could ever be successful no matter how egregious the deficiencies in the pleading if there were some "facts" included upon which some omniscient trier of fact might theoretically grant recovery. Thus, if the dissent is correct, virtually no personal injury complaint could ever be dismissed on defendant's motion no matter what the defect because, at minimum, enough rudimentary "facts" would be present to support the theory that a battery had occurred.

As cited, the statement from *Burdinie* is not a complete or accurate description of the law. Courts have stated that a case should not be dismissed on the pleadings if the pleader desires to amend, unless it is apparent that no cause of action can be stated. Thus, a motion to dismiss must specify a complaint's deficiencies so as to allow the party against whom the motion is directed an opportunity to cure those deficiencies by amendment. (*Lee v. Conroy* (1973), 13 Ill. App. 3d 694, 696, 300 N.E.2d 505, 506; *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 946-47, 338 N.E.2d 912,

915.) Accordingly, the full import of the rule in context is that a pleading should not be dismissed *with prejudice* if a viable cause of action could be pleaded *and plaintiff requests leave to amend* so as to obviate the inadequacies in the complaint as originally filed. In this case, although the defect was specifically pointed out, plaintiffs never sought leave to amend. Under these circumstances, the rule has no application.

On this basis, the dissent's further assertion that a complaint cannot be dismissed as long as any cause of action exists, even if it is not the one intended to be asserted, must also fail. Although pleadings are to be liberally construed, plaintiffs still bear the burden of acting as advocates. A plaintiff cannot simply marshal some facts, dump them into the lap of the trial judge, and expect the court to formulate some theory upon which the plaintiff may be entitled to some relief. In the complete absence in this case of any request by plaintiffs to be given the opportunity to reformulate an otherwise defective complaint, the circuit court cannot be expected to act as their counsel. Likewise, that role should not be assumed by the appellate court where, as here, plaintiffs' shortcomings in the circuit court were duplicated on appeal.

Having determined that the circuit court did not err in dismissing the complaint, the judgment of the McLean County circuit court is affirmed.

Affirmed.

GREEN, J., concurs.

JUSTICE COOK, dissenting:
I respectfully dissent.

The trial court dismissed plaintiffs' complaint because it failed to state a cause of action. This court appropriately holds that plaintiffs did have a cause of action and are entitled to recoupment of benefits paid to an employee who is not entitled to those benefits. Nevertheless, this court affirms because of the complaint's reference to section 19(g) of the Act, a section which I agree provides no basis for recovery. The majority is not concerned the complaint said too little, but that it said too much.

It is not necessary to plead a particular legal theory in order to state a cause of action in Illinois, only that facts be pleaded which allege a cause of action. (See 3 R. Michael, Illinois Practice §24.2, at 340 (1989) (Civil Procedure Before Trial).) A motion to dismiss

does not lie as long as a good cause of action is stated even if that cause of action is not the one intended to be asserted by the plaintiff. (*Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912, 916 (absolute liability pleaded where there was only liability for fraud, negligence, or bad faith); *Luethi v. Yellow Cab Co.* (1985), 136 Ill. App. 3d 829, 833-34, 483 N.E.2d 1058, 1061 (willful and wanton conduct pleaded but only possible cause of action one for negligent entrustment).) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved which would entitle plaintiff to relief. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504-05, 565 N.E.2d 654, 657; *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 473, 564 N.E.2d 1222, 1230.) If plaintiffs here proved the facts alleged in their complaint, plaintiffs would be entitled to recovery. The reference to section 19(g) should be ignored as mere surplusage. Surplusage does not provide a basis for dismissal of a complaint containing all of the factual allegations necessary to state a cause of action. *Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 329, 487 N.E.2d 752, 755.

The trial court certainly cannot be faulted for failing to consider a theory not argued by plaintiff. Nevertheless, if this complaint had not mentioned section 19(g) of the Act, we would reverse, even if the trial court and the parties were not familiar with *Celeste* or *Zambole*. The rule that an appellant may not raise in the reviewing court an issue not presented to or considered by the trial court has been held not to apply to cases like this one, where the appellate court considers whether a complaint states a cause of action. A complaint which states facts sufficient to allege a cause of action gives some notice of its theory, regardless of whether plaintiff chose to argue that theory in the trial court. *Krautstrunk v. Chicago Housing Authority* (1981), 95 Ill. App. 3d 529, 534-35, 420 N.E.2d 429, 433.

I would reverse the order dismissing the complaint and remand for the case to proceed.