(No. 75449.—

ILLINOIS GRAPHICS COMPANY *et al.*, Appellants,
v. IONA NICKUM, Appellee.

*Opinion filed August 4, 1994.*

470

BILANDIC, C.J., took no part.

Stevenson, Rusin & Friedman, Ltd., of Chicago (John A. Maciorowski and Douglas F. Stevenson, of counsel), for appellants.

Darrell L. Hartweg, of Luedtke, Hartweg & Turner, of Bloomington, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

On April 23, 1992, plaintiffs, Illinois Graphics and State Farm Insurance Company, filed an action in the circuit court of McLean County, denominating their complaint as a "19(g) Petition to Reduce an Award of the Industrial Commission to a Judgment." On May 29, 1992, defendant, Iona Nickum, filed a motion to dismiss the petition, which did not specify any provision of the Code of Civil Procedure (Code) (see Ill. Rev. Stat. 1989, ch. 110, par. 2—101 *et seq.*). Following hearing, the circuit court dismissed the petition with prejudice. Plaintiffs appealed, and the appellate court affirmed with one dissent (240 Ill. App. 3d 981). We granted plaintiffs' petition for leave to appeal pursuant to Supreme Court Rule 315 (134 Ill. 2d R. 315) and now reverse.

## BACKGROUND

In January 1988, Iona Nickum filed an application for adjustment of claim with the Industrial Commission (Commission), representing that she had suffered an accidental back injury on October 16, 1987, arising out of and in the course of her employment with Illinois Graphics Company (Illinois Graphics). Pursuant to the terms of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*), State Farm Insur-

ance Company (State Farm), Illinois Graphics' workers' compensation insurer, began paying Nickum temporary total disability (TTD) benefits. At the time of the subsequent workers' compensation arbitration, the parties agreed that State Farm had paid Nickum $7,899.95 in TTD benefits.

Following hearing on the matter, the arbitrator entered findings of fact, stated within the memorandum of her decision, including: Nickum had alleged in her claim that, on October 16, 1987, she was at work, lifted a box and experienced a sharp pain in her back; Nickum testified that she had telephoned her employer on that date to report that she had "done something to her back" and could not work, but she had not, admittedly, indicated that any precipitating incident had occurred while she was at work; Nickum's medical history revealed that she had experienced continual back pain and discomfort commencing in July 1987; in August 1987 she had told her doctor that she was not sure how she might have injured her back; in late August 1987 she was diagnosed as suffering from right lumbar radiculitis; on October 22, 1987, Nickum was seen by her physician, still complaining and indicating that her condition had been continuous and not improved; and her medical records did not indicate an October 16, 1987, incident, nor did her physician learn of any "incidents" which might have caused her condition.

The arbitrator also found that $7,899.95 in TTD benefits had been paid to Nickum because of the injury. The arbitrator concluded that Nickum failed to prove an accidental injury arising out of and in the course of her employment and failed to demonstrate the necessary causal relationship. The arbitrator, consequently, denied Nickum's claim for compensation, and Nickum appealed the decision to the Commission.

The Commission affirmed the arbitrator's decision

and adopted and incorporated the arbitrator's memorandum of decision into its own decision and opinion. The Commission additionally stated that Illinois Graphics "shall have credit for all amounts paid" to Nickum "on account of said accidental injury" and ordered Illinois Graphics to pay Nickum interest under the Act. Neither party appealed the Commission's decision.

State Farm demanded that Nickum reimburse it the TTD benefits payments. Nickum refused to do so. Plaintiffs then filed the present action in the circuit court. The complaint alleged the aforementioned facts concerning Nickum's claim and incorporated the Commission's decision and opinion by specific reference. The petition cited section 19(g) of the Act as authorizing the circuit court to enter a judgment in accordance with a decision of the Commission. (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).) The petition also cited *World Color Press v. Industrial Comm'n* (1984), 125 Ill. App. 3d 469, and *Liberty Mutual Insurance Co. v. Zambole* (1986), 141 Ill. App. 3d 803, as authority that "to hold [p]laintiff to administrative exactness in its payment prior to adjudication and then later deny[ ] it the right to recoup any excess payment that may later occur would frustrate the primary purpose of the Act to provide prompt payment to the employee of benefits." The petition prayed that the circuit court enter judgment against defendant in the amount of $7,899.95 and award costs and attorney fees.

Nickum moved to dismiss the petition, but did not specify any provision of the Code. The motion, in relevant part, asserted that: (1) the Act was devoid of provisions requiring the repayment of TTD benefits voluntarily paid to a claimant employee prior to arbitration; (2) the Commission's decision and opinion did not constitute an "award" or "decision" capable of reduction to judgment by the circuit court (Ill. Rev. Stat. 1989, ch.

48, par. 138.19(g)); (3) the authorities cited by plaintiffs, *World Color Press* and *Liberty Mutual*, were factually distinguishable from the instant case; (4) no statutory or case law authorized entry of the requested judgment in plaintiffs' favor; and (5) under Illinois law, money paid under a claim of right with full knowledge of the underlying facts and absent coercion, fraud or superior bargaining position by the transferee, and money paid under a mistake of law, is not recoverable. Defendant did not support the motion with affidavits or other evidence.

Following hearing on the motion, the trial court found that no "award" had been entered by the Commission, and that the Commission's "decision" did not constitute a determination that Nickum was liable to plaintiffs for repayment of the TTD benefits. According to the trial court, the Commission's decision was thus incapable of being reduced to judgment pursuant to section 19(g). The trial court also found that the TTD payments were involuntary in light of certain statutory penalties for nonpayment under the Act, and expressed that the payments ought to be recoverable under the Illinois Constitution. The trial court concluded by stating that section 19(g) of the Act could not provide the vehicle for that relief and dismissed the petition with prejudice. Plaintiffs did not seek leave to amend their complaint at any time prior to or at the time of dismissal.

Plaintiffs appealed. Their appellate brief cited *Liberty Mutual*, but they again made no request for leave to amend the complaint (see 134 Ill. 2d R. 366). The appellate court construed section 19(g) as providing a method by which either an employee or an employer might have an award of the Commission reduced to judgment. The appellate court found, however, that the Commission had not granted such an award. Relying on

*Liberty Mutual* and *Celeste v. Industrial Comm'n* (1990), 205 Ill. App. 3d 423, the appellate court expressed that plaintiffs had correctly argued their right to recover benefits paid to an unentitled employee, but also concluded that section 19(g) did not provide the means for them to do so.

At oral argument, plaintiffs requested that the case be remanded to allow them to replead. The appellate court found that plaintiffs had not sought leave to replead at the trial level, and had not raised the issue in their notice of appeal or requested the opportunity to replead in their appellate brief. The appellate court therefore concluded that remand was inappropriate. 240 Ill. App. 3d at 985.

The appellate court additionally addressed the argument presented by the dissent that a complaint should not be dismissed unless it clearly appeared that no set of facts could be proven entitling the plaintiff to relief. (See *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501.) The appellate court qualified this rule to refer to dismissals with prejudice and viewed the rule as applicable only under circumstances where a plaintiff had requested leave to amend. In the appellate court's view, facts may not simply be pleaded with the expectation that a trial court will formulate a theory of relief. "In the complete absence in this case of any request by plaintiffs to be given the opportunity to reformulate an otherwise defective complaint, the circuit court cannot be expected to act as their counsel." 240 Ill. App. 3d at 986.

## ISSUE

The general issue presented is whether the trial court properly granted the motion to dismiss the complaint with prejudice. Specifically, we are asked to decide (1) whether section 19(g) of the Workers' Compensation Act allows plaintiffs the right to a judgment to

recover TTD benefits paid to an unentitled employee; and (2) whether a valid cause of action for a recovery of those payments was otherwise stated by the complaint or was sufficiently raised as a claim so as to survive a motion to dismiss under section 2—619(a)(9).

## DISCUSSION

### I

Plaintiffs argue that dismissal of their complaint was in error because they are entitled to judgment under section 19(g) to recover TTD benefits amounts. Preliminarily, we note that the parties disagree over whether the motion to dismiss was brought under section 2—615 or section 2—619(a)(9) of the Code; notably, there are distinct advantages concerning waiver which are attendant to each motion. In order, however, to resolve this issue concerning a section 19(g) judgment, we need not delve into those differences. We may simply determine whether section 19(g) provides plaintiffs a right to recover as a matter of law. We determine that it does not.

Section 19(g) of the Act provides in pertinent part:

"Except in the case of a claim against the State of Illinois, *either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission* when the same has become final, when no proceedings for review are pending, *providing for the payment of compensation according to this Act,* to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment therewith. In a case w*here the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered* the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

Plaintiffs state that, by the express terms of section 19(g), the judgment remedy offered is available to both employer and employee and may be based upon either an award or decision of the Commission. Plaintiffs additionally rely on *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, where this court construed section 19(g) of the Act, determining that the Commission's order in approval of a settlement agreement constituted a "decision" and was the equivalent of an "award." In plaintiffs' view, the Commission's order here, which allowed Illinois Graphics "credit for all amounts paid," must also be considered an "award" or "decision" enforceable under section 19(g). Plaintiffs also point out that the purpose of section 19(g) is to permit the speedy entry of judgment and that a court's inquiry is therefore limited. See *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259.

This court has held that an order of the Commission approving a settlement agreement entered into between a workers' compensation claimant and his employer constitutes a decision or is the equivalent of an award under the Act. *Ahlers*, 73 Ill. 2d at 264-65.

In the instant case, the Commission's statement, in its decision, that Illinois Graphics "shall have credit for all amounts paid, if any," to defendant "on account of said accidental injury" is inconsistent with the dispositive statement of the Commission. While the Commission specifically affirmed the arbitrator's denial of defendant's claim, it ordered both that Illinois Graphics pay defendant interest under the Act and that Illinois Graphics have a credit if it paid any benefit amounts because of an accidental injury. Both the statement about interest and the statement concerning a credit make sense only if an award had been granted based on the arbitrator's finding of a compensable injury. The same essential language used by the Commission in this instance has been viewed as simply the "customary

language" used by the Commission in an award "to authorize the deduction of payments made by an employer prior to the hearing or prior to the entry of an award." (*McCormick v. McDougal-Hartmann Co.* (1970), 47 Ill. 2d 340, 342-43 (Commission's statement in order that employer shall " 'have credit for all sums of money, if any, heretofore paid petitioner on account of accidental injuries' " was not authorization that employer could have credit for third party's payments to employee).) In the present, the Commission's statement concerning a credit therefore appears not to be an adjudication of liabilities, so much as an inadvertency. Most certainly, an inadvertent statement could not have been intended to constitute a "decision" under the Act. However, even assuming that the Commission's statement was not inadvertent, it cannot form the basis for a judgment under section 19(g).

The primary rule of statutory construction is to give effect to the true intent of the legislature. (*People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.) The language of the statute is the best indication of the legislative drafters' intent. When the drafters' intent can be ascertained from the statutory language, it must be given effect without resort to other aids for construction. (*People v. Bryant* (1989), 128 Ill. 2d 448, 455.) In construing a statute, it is never proper for a court to depart from plain language by reading into a statute exceptions, limitations, conditions which conflict with the clearly expressed legislative intent. *Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84.

Applying these principles, we agree with plaintiffs that both an employee and an employer are entitled to judgment relief under the express terms of section 19(g). As recognized by the appellate court below, both parties have an interest in finally ascertaining the extent of the employer's liability. (240 Ill. App. 3d at 984.) We dis-

agree, however, that under the express terms of the statute a judgment may be based on a "decision" of the Commission which *does not* provide for the "payment of compensation." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

The plain language of section 19(g) states that the Commission's decision, on which any judgment is based, be one *"providing for* the *payment of compensation* according to this act." (Emphasis added.) While the provision contemplates that either an employee or an employer may seek to obtain entry of a judgment, whether based on an "award" or "decision," these express terms fairly limit the type of decisions to those which *provide for* the *payment of compensation benefits.* (*Cf. Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259.) This language may not reasonably be interpreted to encompass any full recoupment, restitution or reimbursement "decision" even assuming the authorization of that type of Commission decision under the Act. The allowance of a credit within a decision or award merely serves to reduce the total payment of compensation benefits. (See *Board of Education of High School District No. 502 v. Industrial Comm'n* (1923), 308 Ill. 445; *World Color Press*, 125 Ill. App. 3d 469.) And while the provision does not expressly limit such "decision[s]" to those in favor of an employee, quite obviously, under the Act, it is the employer, rather than the employee, who makes payment of compensation benefits. Other express language in section 19(g) evidences an assumption that it is the employer who makes the payment of compensation upon which any judgment is based: "[W]here the employer refuses to pay compensation according to such final *** decision upon which such judgment is entered ***." Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g).

This interpretation of the express language of section 19(g) is further supported by the operational definition of an award under the Act. An award may only

be comprised of amounts of compensation paid to an employee. (See Ill. Rev. Stat. 1989, ch. 48, pars. 138.7, 138.8 ("[t]he amount of compensation which shall be paid to the employee for an accidental injury *** is").) Thus, an "award," under the Act, parallels a "decision" which "provid[es] for the payment of compensation."

Plaintiffs argue that it would be unfair to allow the judgment relief afforded by section 19(g) to be available to an employee, but not an employer, despite that section 19(g) clearly states "either party" may enforce an award or decision of the Commission. Plaintiffs remind us that the purpose of section 19(g) is to permit the "speedy entry of judgement" and that requiring a separate lawsuit to recover TTD payments will only further burden the courts. (See *Ahlers*, 73 Ill. 2d at 268.) We are not persuaded by these several policy arguments.

As stated, section 19(g) expressly allows "either party" to obtain a judgment. That only awards or decisions, providing for the *payment of compensation,* may be reduced to judgment under the provision is not unfair. The Act was specifically enacted to provide for the payment of compensation benefits to employees in exchange for a bar on certain liabilities of employers. (See *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167 (primary purpose of Act is to provide employees prompt, sure, definite compensation, together with quick and efficient remedy, for injuries or death suffered in course of employment and require cost of injuries to be borne by industry itself and not by individual members); *Leach v. Lauhoff Grain Co.* (1977), 51 Ill. App. 3d 1022 (object of Act was to eliminate common law liability for personal injuries based on negligence of employer); see also Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a).) The purpose of the Act was to provide a flow of benefits to compensate for lost wages and to compensate workers for the loss of industrial earning capacity. (*Freeman United Coal*

*Mining Co. v. Industrial Comm'n* (1984), 99 Ill. 2d 487, 497; *Board of Education v. Industrial Comm'n* (1972), 53 Ill. 2d 167 (purpose of Act to provide financial protection in various forms, including restoration of lost wages, for workers whose earning power is interrupted or terminated as a result of injury arising out of and in the course of their employment).) Nothing in the Act indicates that the Commission is expected or authorized to adjudicate matters concerning restitution or repayment of benefits to employers. Even the matter of credits under the Act is viewed narrowly. (See *Freeman United Coal Mining Co. v. Industrial Comm'n* (1984), 99 Ill. 2d 487, 496 ("[c]redits operate as partial exceptions to the liabilities created by the [Act], and should therefore be narrowly construed where granted and not be extended by implication unless necessary to accomplish the purpose of the Act").) There is an ample body of common law which already exists that will allow an employer to recover mistakenly made payments which are not voluntarily returned. (See *Groves v. Farmers State Bank* (1937), 368 Ill. 35 (voluntary payments doctrine); see also *Board of Education v. Holt* (1976), 41 Ill. App. 3d 625 (applying exception to doctrine); *Salvati v. Streator Township High School District Number 40* (1964), 51 Ill. App. 2d 1, 5 (same).) There is little point in distorting the clear language of section 19(g) to accommodate additional and unintended interests.

Our courts will also not be unduly burdened by such litigation because this case is atypical. Here, the workers' compensation claimant failed to offer any proof that her injury arose out of and occurred in the course of her employment. Her failure to meet even that minimal threshold combined with State Farm's apparently minimal investigation.

Thus, we find that the Commission did not render a decision upon which a judgment under section 19(g)

might be based; and that section 19(g) does not provide a right to judgment to recover TTD benefits paid to an unentitled employee.

## II

Plaintiffs contend that dismissal of their complaint was, nonetheless, in error because the complaint yet stated a valid cause of action under *Celeste v. Industrial Comm'n* (1990), 205 Ill. App. 3d 423, and *Liberty Mutual Insurance Co. v. Zambole* (1986), 141 Ill. App. 3d 803. Plaintiffs rely upon the oft-cited rule that dismissal of a cause of action on the pleadings is proper only where it is clearly apparent that no set of facts can be proven entitling the plaintiff to recover. (See *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504; *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 473; *Krautstrunk v. Chicago Housing Authority* (1981), 95 Ill. App. 3d 529, 534.) Plaintiffs also rely on the rule that a "mere surplusage" in pleading, such as the pleading of an additional theory or recovery, does not provide a basis for dismissing a complaint which contains all the factual allegations necessary to state a cause of action. (See *Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 329-30.) Plaintiffs argue that the appellate decision below, affirming the dismissal of their complaint with prejudice, conflicts with these several pleading rules. Plaintiffs' arguments assume that the undesignated motion to dismiss here was brought under section 2—615 of the Code.

Defendant, in contrast, contends that the motion to dismiss was properly granted because it asserted "affirmative matter" which avoided the legal effect of or defeated plaintiffs' claim to judgment under section 19(g) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)). Defendant contends that plaintiffs asserted only one claim at the trial level, a right to judgment under section 19(g), which claim was defeated because the express terms of

the provision barred that relief. Defendant argues that the motion to dismiss was a section 2—619(a)(9) motion, raising "affirmative matter," rather than a motion under section 2—615, which challenges the legal sufficiency of a complaint. Defendant claims that the authorities cited by plaintiffs, *Burdinie*, *Segall* and *Krautstrunk*, are thus distinguishable because they concerned motions to dismiss brought under section 2—615. Defendant claims that there is no conflict between these several decisions and that of the appellate court below.

Meticulous practice dictates that a lawyer specifically designate whether her motion to dismiss is pursuant to section 2—615 or section 2—619. (See *Galayda v. Penman* (1980), 80 Ill. App. 3d 423, 424-25; *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 199; see also *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574.) The failure to do so may not always be fatal, but reversal is required if prejudice results to the nonmovant. (See *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642.) When confronted with such an omission, however, reviewing courts typically review the nondesignated motion according to its grounds, its requests, or its treatment by the parties and the trial court. (See *Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458; *cf. Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535 (mislabeled motion to dismiss).) Accordingly, in order to decide the propriety of the trial court's ruling concerning defendant's motion, we must examine the motion's grounds as well as treatment below.

A motion to dismiss under section 2—615 attacks only the legal sufficiency of a complaint. Such a motion does not raise affirmative factual defenses, but alleges only defects appearing on the face of the complaint.

(*Kolegas v. Heftel Broadcasting Corp.* (1992), 154 Ill. 2d 1, 8; *Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 475.) A section 2—615 motion is required to point out the defects complained of and must specify the relief sought. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(a).) The only matters to be considered in ruling on such a motion are the allegations of the pleadings themselves. *Urbaitis*, 143 Ill. 2d at 475.

In comparison, a section 2—619 motion to dismiss allows for an involuntary dismissal of a claim based on certain defects or defenses. The basis of the motion must go to an entire claim or demand. (See Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662 (Smith-Hurd 1983).) Section 2—619(a) additionally provides that if the grounds for the motion do not appear on the face of the pleading attacked, the motion shall be supported by affidavit. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a).) Normally, the motion is required to be made within the time for pleading. Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a).

While section 2—619 motions, like those under section 2—615, attack defects appearing on the face of the pleadings, that ground should be coupled in the motion with a ground based on matter not appearing of record. (Ill. Ann. Stat., ch. 110, par. 2—619, Historical & Practice Notes, at 662 (Smith-Hurd 1983).) In practice, however, our courts have not limited section 2—619 motions in this manner, and such motions are normally allowed even though a defect on the face of the pleadings might be the only ground. (See *Rowan v. Novotny* (1987), 157 Ill. App. 3d 691.) This practice allows for some degree of overlap between motions to dismiss brought under section 2—615 and those brought under section 2—619. See Ill. Rev. Stat. 1991, ch. 110, par. 2—619.1.

One of the enumerated grounds for a section 2—619 motion to dismiss is that the claim is barred by affirma-

tive matter which avoids the legal effect of or defeats the claim. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9).) "[A]ffirmative matter," in a section 2—619(a)(9) motion, is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. (See *John v. Tribune Co.* (1962), 24 Ill. 2d 437.) According to the letter of section 2—619(a), affirmative matter is to be supported by affidavit. In practice, however, some affirmative matter has been considered to be apparent on the face of the pleading. Such motions to dismiss are thus peculiarly within the area of confluence between section 2—615 and section 2—619(a)(9).

The grounds asserted within the motion to dismiss here are capable of being characterized as assertions of the legal insufficiency of the complaint, the ground supporting a section 2—615 motion. Defendant's motion asserted that there was no authority in statutory or case law supporting an action to recover voluntarily paid TTD benefits. The motion also asserted that the Commission's "decision," not being a liability determination, was legally incapable of reduction to judgment. The motion further asserted that the TTD payments were voluntary and therefore also incapable of being recovered as a matter of law. At a hearing on the matter, defendant argued that the Commission had not entered a compensation award as required by the express terms of section 19(g). Each one of these asserted defects was apparent on the face of the complaint. The motion was also presented without a supporting affidavit. As such, the motion may be viewed as attacking the complaint for the failure to state a cause of action. (See *Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 189-90 (section 2—615 motion to dismiss is used when a party challenges whether a pleading is legally

valid or sustainable).) Neither the parties nor the trial court treated the motion in a way which might characterize it. The appellate court, however, apparently viewed the motion as a section 2—615 motion to dismiss and relied on case law governing that provision. Plaintiffs' claim that the motion was a section 2—615 motion to dismiss is therefore supportable.

Nevertheless, defendant's claim that the motion to dismiss was brought under section 2—619(a)(9) is also supportable. Defendant claims that the motion was a section 2—619(a)(9) motion because it asserted that plaintiff's cause was barred by affirmative matter, in that section 19(g) did not allow for the type of relief requested "pursuant to the express terms of the statute." Certainly, similar defenses at law have been considered "affirmative matter" so as to negate completely the asserted claim. (See *Ingersoll v. Klein* (1970), 46 Ill. 2d 42 (choice of law an affirmative matter); *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 972 (governmental tort immunity); *Russo v. Bolan* (1982), 103 Ill. App. 3d 905 (inapplicability of Illinois law based on preemption by ERISA); *Sharp v. Gallagher* (1981), 94 Ill. App. 3d 1128 (the bar of the Workers' Compensation Act in employee liability suits against an employer).) Defendant, however, did not present an affidavit in support of the affirmative matter as required by section 2—619, indicating that the complained-of defect appeared only on the face of the complaint and could be decided on the basis of the pleadings alone. Based on the above-stated grounds and principles, the motion to dismiss is also fully capable of being viewed as a section 2—619(a)(9) motion.

To summarize, the grounds and treatment of the motion to dismiss here indicate that the motion may legitimately be viewed as either a section 2—615 or a section 2—619(a)(9) motion. This fact is further apparent

from the disagreement within the appellate court below concerning the appropriate standards to apply on review of this motion. While decision on this case has been complicated by the defendant's and the trial and appellate courts' failure to clearly delineate the basis for the motion and the ruling thereon, we endeavor to reach both a just and a judicially economic result. (See *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 407.) We, accordingly, review the motion on both bases.

Section 2—615

The question presented by a motion to dismiss for failure to state a cause of action is whether sufficient facts are contained in the pleadings which, if established, could entitle the plaintiff to relief. (*Urbaitis*, 143 Ill. 2d at 475, citing *Krautstrunk*, 95 Ill. App. 3d at 534.) We adhere to the view that the trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. See *Burdinie*, 139 Ill. 2d at 504; *Meerbrey*, 139 Ill. 2d at 473.

While we agree with the appellate court in the case *sub judice* that this oft-cited rule refers to dismissals with prejudice, we disagree that the rule applies only where a plaintiff has requested leave to amend. A motion to dismiss does not lie as long as a good cause of action is stated even if that cause of action is not the one intended to be asserted by the plaintiff. (See *Luethi v. Yellow Cab Co.* (1985), 136 Ill. App. 3d 829, 833; *Great Atlantic & Pacific Tea Co. v. La Salle National Bank* (1979), 77 Ill. App. 3d 478, 482 (finding cause denominated as an action for trespass to be sufficient as an action to enjoin interference with a leasehold interest); *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 947; 2 C. Nichols, Illinois Civil Practice § 1413, at 518-19 (5th rev. ed. 1990).) A complaint need only al-

lege facts which establish the right to recovery; not only are allegations of law or conclusions not required, they are improper. (See 3 R. Michael, Illinois Practice § 24.2, at 340 (1989); *Monroe County Water Cooperative v. City of Waterloo* (1982), 107 Ill. App. 3d 477; see also *Haas v. Mid-America Fire & Marine Insurance Co.* (1976), 35 Ill. App. 3d 993, 998.) It is, moreover, the allegations of a complaint which define a cause of action, not the name or title that may be used by the plaintiff. *Lovgren v. Citizens First National Bank* (1989), 126 Ill. 2d 411, 419.

Notably, section 2—617 has been applied in such a way that plaintiffs need not amend to more fully state an unintended theory. The provision states that where "relief is sought and the court determines, on motion directed to the pleadings *** that the plaintiff has pleaded *** facts which entitled the plaintiff to relief but that the plaintiff has sought the wrong remedy, the court shall permit the pleadings to be amended ***." (Ill. Rev. Stat. 1989, ch. 110, par. 2—617.) The provision is described as codifying and endorsing the prevailing practice, which had been that no amendment was necessary. (Ill. Ann. Stat., ch. 110, par. 2—617, Historical & Practice Notes, at 657 (Smith-Hurd 1983); 3 R. Michael, Illinois Practice § 24.2, at 342 (1989).) Decisions subsequent to section 2—617's enactment continue to allow the practice of not requiring an amendment. See 3 R. Michael, Illinois Practice § 24.2, at 342 (1989); see also *Luethi v. Yellow Cab Co.*, 136 Ill. App. 3d 829 (count attempting to state cause of action for willful and wanton misconduct upheld as properly alleging cause for negligent entrustment); *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333 (cause for violation of duty owed a licensee by property owner sufficient to support cause for cause based on *respondeat superior*); *Mamolella v. First Bank* (1981), 97 Ill. App. 3d 579 (while cause of action to enjoin a purpresture failed, case could be treated as

action in *mandamus*); *Great Atlantic & Pacific Tea Co. v. La Salle National Bank*, 77 Ill. App. 3d 478 (although count denominated cause of action for trespass, allegations were sufficient as action to enjoin interference with leasehold interest); *Krautstrunk*, 95 Ill. App. 3d 529.

Furthermore, the general waiver rule that a party may not raise a new theory in support of the claim for the first time on appeal (see *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147) is not in conflict with these cases. That rule has been held to be excepted where the issue on appeal is whether a particular theory was raised by the factual allegations in the complaint. (See *Cuerton v. Abbott Laboratories, Inc.* (1982), 111 Ill. App. 3d 261, 265 (deciding sufficiency of a complaint in the context of a section 2—615 motion to dismiss); *Krautstrunk*, 95 Ill. App. 3d at 534-35 (same).) Based on these principles, we must determine whether sufficient facts are stated in plaintiffs' complaint which, if established, would entitle them to relief additional to that alleged under section 19(g).

Plaintiffs contend their complaint stated a valid cause of action under the *Liberty Mutual* and *Celeste* decisions. Plaintiffs characterize *Liberty Mutual* and *Celeste* as holding that restitution for overpayment of compensation benefits is a valid cause of action, entitling an employer or its insurer to recover. Plaintiffs contend their complaint alleged a valid cause of action under such theory in addition to the section 19(g) theory which was explicitly stated in the complaint. For support, plaintiffs point to the fact that the appellate court apparently considered these decisions to allow that particular cause of action. We disagree with plaintiffs regarding the scope of the holdings in *Liberty Mutual* and *Celeste*. We agree, however, that plaintiffs' complaint, nonetheless, stated a valid cause of action under common law principles addressed in *Liberty Mutual*.

*Liberty Mutual* allowed a workers' compensation insurer to recover from an employee the amount of an award which had been paid to stop the accrual of interest in accordance with section 19(n) of the Act. In allowing the recovery, the court addressed the common law rule, known as the voluntary payments doctrine, that neither money paid under a claim of right with full knowledge of the underlying facts and absent coercion, fraud or a superior bargaining position by the transferee nor money paid under a mistake of law is recoverable. (See *Liberty Mutual*, 141 Ill. App. 3d at 804, citing *Hartford v. Doubler* (1982), 105 Ill. App. 3d 999; see also *Commercial National Bank v. Bruno* (1979), 75 Ill. 2d 343, 350-51; *Groves v. Farmers State Bank* (1937), 368 Ill. 35, 47.) A recognized exception to this long-standing rule provides that where money is paid under a mistake of fact, which would not have been paid had the facts been known to the payor, such money may be recovered. See *Board of Education v. Holt* (1976), 41 Ill. App. 3d 625; *Salvati v. Streator Township High School District Number 40* (1964), 51 Ill. App. 2d 1; *Willens v. City of Northlake* (1958), 19 Ill. App. 2d 316; *Wolf v. Beaird* (1888), 123 Ill. 585; see also *Grand Trunk Western R. Co. v. Chicago & Western Indiana R. Co.* (7th Cir. 1942), 131 F.2d 215 (finding that voluntary payment made under mistake of fact affords better legal basis of recovery than is furnished under mistake of law).

While *Liberty Mutual* did not expressly rely on this mistake-of-fact exception, the court, nonetheless, found the voluntary payments rule inapplicable because the payment was not made pursuant to a claim of right or mistake of law. *Liberty Mutual* additionally found indication in case law, discussing section 19(n), that it was implied that an employer might recover an award amount, and that other common law principles concerning restitution also supported such result. *Liberty*

*Mutual* held that "it is implied in section 19(n) of the Workers' Compensation Act that if funds have been tendered by the employer's insurer to avoid the accrual of interest pending appeal by an employee seeking a higher award, upon reversal of the arbitrator's decision, such sum must be returned to the insurer." *Liberty Mutual*, 141 Ill. App. 3d at 806.

*Celeste* concerned the determination of whether an employee was required to file a bond under section 19(f)(2) of the Act to effect review. The workers' compensation insurer had paid the employee interest on an award which the employee was unentitled to receive. By way of *dicta*, *Celeste* recognized that "[r]estitution for overpayment of a Commission award is permitted by separate suit in the event the employee refuses to repay the excess amount." *Celeste*, 205 Ill. App. 3d at 426, citing *Liberty Mutual*, 141 Ill. App. 3d 803.

Thus, contrary to plaintiffs' contentions, *Liberty Mutual* and *Celeste* do not hold that an employer can maintain a cause of action for recovery of all manner of compensation benefits; these decisions simply establish a cause of action for "restitution" where an employee receives either a compensation award or an amount as interest on an award, and it is later determined that the employee is unentitled to those amounts. While *Liberty Mutual* may have relied, in part, on certain exceptions to the voluntary payments doctrine, the holding is, nonetheless, confined to recognizing a cause of action for the recovery of award amounts paid under section 19(n). *Celeste* additionally recognizes that cause of action by way of *dicta*.

What can be said, however, is that *Liberty Mutual* referred to and relied on the voluntary payments doctrine. And a cause of action for the recovery of voluntary payments made because of a mistake of fact has long been recognized. In the present case, plaintiffs' complaint stated that cause of action.

By way of incorporation, plaintiffs' complaint alleged that Nickum claimed a back injury, occurring on October 16, 1987, while she was at work. The complaint set forth the undisputed fact that State Farm paid Nickum $7,899.95 in TTD benefits as a result of that claimed workers' compensation injury. The complaint further alleged that Nickum's medical records failed to report a work-related injury occurring on October 16, 1987, but her medical history revealed continual back pain and discomfort prior to that date. The complaint also alleged that the arbitrator found Nickum's claimed injury to be noncompensable under the Act. Finally, the complaint alleged that State Farm had requested Nickum to reimburse the monies, but she had refused to do so. Although the complaint did not state that the payment of the TTD benefits was based upon a mistake of fact, it can reasonably be inferred that State Farm made the payments based on incorrect and incomplete information regarding the circumstances of the claimed injury. (See *Board of Education v. Holt* (1976), 41 Ill. App. 3d 625 (cause of action based on mistake of fact stated where pleading showed that board erroneously paid teacher her salary even though she had resigned).) Based on the allegations in the complaint (*Krautstrunk*, 95 Ill. App. 3d at 534-35), we conclude that a valid cause of action was stated under the theory of a mistake of fact.

Thus, viewing the motion to dismiss as a section 2—615 motion, which challenges the legal sufficiency of a complaint, we conclude that the motion was improperly granted because a valid cause of action was stated by the complaint.

Section 2—619(a)(9)

The motion to dismiss was also improperly granted if viewed as raising affirmative matter which had the effect of precluding plaintiffs' claim.

If a cause of action is dismissed during hearing on a section 2—619 motion on the pleadings and affidavits, the question on appeal is whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law. (See *In re Marriage of Musa* (1982), 103 Ill. App. 3d 189; *Glass Specialty Co. v. Litwiller* (1986), 147 Ill. App. 3d 653.) As previously discussed, the defendant's motion to dismiss correctly asserted that section 19(g) does not provide the procedural means for plaintiffs to recover amounts paid for TTD benefits; plaintiffs did not overcome this assertion. And according to defendant, because plaintiffs did not raise at trial any claim additional to that based on section 19(g), and because the motion raised affirmative matter negating completely that claim, the complaint was properly dismissed. Defendant asserts that plaintiffs did not raise a theory additional to section 19(g) until the appellate court referred the parties to *Celeste* during oral argument.

Defendant additionally argues that plaintiffs did not take advantage of certain provisions under the Code or under Supreme Court Rule 366 to either seek leave to amend their complaint to add an additional theory of recovery or to change their theory. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—616 (allowing amendment), par. 2—617 (permitting amendment where facts established which entitle a plaintiff to relief, but wrong remedy sought); 134 Ill. 2d R. 366 (reviewing court may exercise powers of amendment of the trial court).) Defendant directs our attention to *Kennedy v. First National Bank* (1985), 129 Ill. App. 3d 633, *Criscione v. Sears, Roebuck & Co.* (1978), 66 Ill. App. 3d 664, and *Krachock v. Department of Revenue* (1949), 403 Ill. 148. In sum, defendant argues that plaintiffs have waived on appeal any claim, which conceivably might survive a section 2—619(a)(9) motion to dismiss, by failing to raise that

claim at trial and by failing to seek amendment of their complaint. We disagree.

The record shows that, at the trial court's hearing on the motion to dismiss, plaintiffs' counsel argued that Nickum's claim was not made pursuant to a claim of right or as the result of a mistake of law. Such arguments were attempts to raise exception to the voluntary payments rule. Counsel additionally argued that State Farm was without full knowledge of the facts surrounding Nickum's injury at the time the benefits were paid; that such information was unavailable until the time of arbitration; and that, while there might not have been fraud on Nickum's part, she had, nonetheless, represented her injury as resulting from an on-the-job accident. Counsel also analogized plaintiffs' case to that of *Liberty Mutual*, in that both cases involved payments to avoid some sort of penalty, both concerned payments which were not made because of a mistake of law or made under a claim of right, both concerned an absence of express statutory language under the Act authorizing repayment, and both required reimbursement so as to avoid frustrating the purposes and legislative intent underlying the Act, *i.e.*, the encouragement of prompt benefits payments by employers. Although plaintiffs' counsel did not appear to completely grasp the theory, his arguments clearly raised a claim based on mistake of fact.

Plaintiffs' counsel, however, failed to recognize that an independent claim under the mistake of fact theory was viable under the circumstances presented by this case. Counsel stated, "In the case of [Liberty Mutual] *** it was pursued on the basis of summary judgment. In this case, I am pursuing it under Section 19(g) ***." Plaintiffs' counsel apparently thought that the common law principles supporting recovery in *Liberty Mutual* could apply as well in the context of an action under

section 19(g); he apparently did not understand that his statement, rather, constricted the avenue of recovery under those principles. In considering this apparent blunder by plaintiffs' counsel, we note that waiver principles operate as a limitation on the parties and not on the courts. (*In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 446.) Further, in the exercise of its responsibility for a just result and the maintenance of a sound and uniform body of precedent, a reviewing court may consider issues not properly preserved by the parties. (*Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1994), 158 Ill. 2d 240, 251.) Although the claim based on a mistake of fact was raised rather unclearly, we will consider whether it survived the motion to dismiss reviewed under section 2—619(a)(9). This is not a case of an intentional choice of trial strategy by counsel. Moreover, our consideration of this claim is proper in the furtherance of a just result. Here, plaintiffs' complaint stated a good cause of action based on a theory of mistake of fact; defendant's motion to dismiss indicated that defendant had notice of that possible theory of recovery; plaintiffs' trial counsel strenuously attempted to articulate clearly the theory, but failed; and, although not prejudicial, defendant's motion to dismiss did not clearly indicate its grounds. Significantly also, the trial court ruled on the general applicability of the voluntary payments doctrine, finding that that rule did not preclude a recovery. These total circumstances support consideration of the claim.

In this regard, we are not persuaded by defendant's arguments that plaintiffs' failure to seek leave to amend indicated waiver of the mistake-of-fact claim. Whether deciding the legal sufficiency of plaintiffs' complaint or deciding waiver of plaintiffs' mistake-of-fact claim, under the challenge posed by this possible section 2—619(a)(9) motion to dismiss, we have found that a

claim based on a mistake-of-fact theory was stated and thereby raised in the pleading. (*Cf. Eagan v. Chicago Transit Authority* (April 21, 1994), No. 75176 (theory not raised in pleading waived for purposes of deciding section 2—619 motion to dismiss).) By failing to seek leave to amend, plaintiffs did nothing less than stand on their complaint as it was stated. See *Krachock v. Department of Revenue*, 403 Ill. 148.

In light of these principles and under the circumstances presented here, we determine that plaintiffs sufficiently raised, at trial, a claim based on the theory of mistake of fact. Furthermore, that claim, based on mistake of fact, survived the motion to dismiss as reviewed under section 2—619(a)(9).

Defendant's motion alleged that State Farm voluntarily paid the TTD benefits and that, therefore, under the voluntary payments doctrine, the monies could not be recovered. Assuming that voluntariness of the payments was raised as affirmative matter, that matter did not negate completely plaintiffs' claim based on mistake of fact. Under a mistake-of-fact theory, payments are recoverable whether voluntary or not. (See 29 Ill. L. & Prac. § 56, at 521 (1957) (fact that payment may be deemed a voluntary one will not preclude recovery where there was a mistake as to a material fact).) The rule is that in the absence of fraud, misrepresentation, or mistake of fact money voluntarily paid under a claim of right to the payment, with full knowledge of the facts by the person making the payment, cannot be recovered unless the payment was made under circumstances amounting to compulsion. (See *Commercial National Bank v. Bruno*, 75 Ill. 2d at 350-51.) Of course, the correlative rule or exception is that money paid under a mistake of fact is recoverable by the payor. (See *Hartford v. Doubler*, 105 Ill. App. 3d at 1001.) Based on these principles, the assertion of the payments' volun-

tariness does not negate completely plaintiffs' claim based on mistake of fact. We therefore conclude that the motion to dismiss was improperly granted if viewed as asserting affirmative matter under section 2—619(a)(9).

Accordingly, we reverse the judgments of the circuit and appellate courts, and remand this cause to the circuit court for further proceedings.

*Judgments reversed;*
*cause remanded.*

CHIEF JUSTICE BILANDIC took no part in the consideration or decision of this case.