2023 IL App (2d) 220277
No. 2-22-0277
Order filed March 16, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BRYAN WAGNER, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21-L-761 |
| | ) | |
| BOARD OF EDUCATION OF NORTH | ) | |
| SHORE SCHOOL DISTRICT 112, and | ) | |
| MONICA SCHROEDER, LISA HIRSCH, | ) | |
| and ART KESSLER, Individually and as | ) | |
| Agents of BOARD OF EDUCATION OF | ) | |
| NORTH SHORE SCHOOL DISTRICT 112, | ) | Honorable |
| | ) | Luis A. Berrones, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Kennedy concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court erred in dismissing the plaintiff's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure because the defendants' motion to dismiss disputed the complaint's factual allegations rather than raising affirmative matter that defeated the plaintiff's claim.

¶ 2     As a result of the termination of his employment as a tenured teacher, the plaintiff, Bryan Wagner, brought suit against the defendants, the Board of Education of North Shore School District 112 (District); Monica Schroeder, a deputy superintendent of the District; and Lisa Hirsch and Art Kessler, members of the District's Board of Education (Board). Count I of the amended

complaint, the only claim at issue in this appeal, alleged a claim of employment discrimination in violation of the Illinois Human Rights Act (775 ILCS 5/2-103(A) (West 2020)) and sought reinstatement, damages, costs, and attorney fees. The trial court dismissed the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)). Wagner appeals from that order. We reverse and remand for additional proceedings.

¶ 1                                    I. BACKGROUND

¶ 2                                 A. Amended Complaint

¶ 3     The following facts are drawn from the amended complaint's allegations, which we accept as true when considering whether the trial court correctly dismissed the complaint. See *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86 (1996).

¶ 4     Wagner was a tenured teacher contractually employed by the District from August 1990 until September 16, 2020. Prior to his dismissal he was teaching sixth and seventh grade social studies at Edgewood Middle School. In June 2020 he was involved in a domestic dispute at his home in Lake Forest and was arrested. In November 2020, the criminal charges against Wagner were dropped and he was fully discharged from any criminal liability.

¶ 5     In July 2020, the District became aware of Wagner's June 2020 arrest when Schroeder read an article in a local newspaper that reported the arrest. After reading the news article, the District, through Schroeder, interviewed Wagner about his arrest. Wagner answered all the questions honestly and to the best of his recollection. His answers did not give the District any basis to believe that he was guilty of domestic battery. Schroeder also interviewed Wagner's wife, Kim Wagner. Kim was also a tenured teacher employed by the District. Kim gave no indication that Wagner engaged in the alleged conduct which led to his arrest and, in fact, stated that she initiated

the altercation that led to Wagner's arrest. The District did not interview any of the police officers who responded to the scene of the June 2020 incident or any of the other eyewitnesses. The District did not obtain any additional information other than the police report and the newspaper article related to the incident.

¶ 6    On August 18, 2020, Kim sent an email to Schroeder requesting that Wagner not be terminated from his employment as a result of the June 2020 incident. The next day, the District sent Wagner a notice of recommendation for dismissal and suspension without pay. Schroeder authored and signed the notice in her official capacity as the deputy superintendent of the District. The notice stated that Wagner engaged in "immoral, criminal, unprofessional and insubordinate" conduct which continued "to interfere with [his] ability to teach *** and has harmed students, staff, and the operations and function of the District." Wagner asserted that these allegations were false and that they were made "willfully and wantonly, with the specific intention of causing [Wagner] to lose his employment with the District."

¶ 7    In September 2020, the District passed a formal resolution to dismiss Wagner from his employment. The resolution indicated that Wagner's arrest was both the actual and proximate cause of the District's decision to terminate the plaintiff. Wagner alleged that the allegations in the resolution and the related bill of particulars, which detailed the officer observations at the June 2020 scene (presumably from the police report), the reason for his arrest, and the results of the District's investigation, were false. Further, the District, Schroeder, Hirsch, and Kessler knew or should have known that Wagner had not engaged in any of the alleged conduct that resulted in his June 2020 arrest.

¶ 8    Wagner made a timely written request for a dismissal hearing pursuant to section 24-12(d) of the Illinois School Code (105 ILCS 5/24-12(d) (West 2018)). A two-day dismissal hearing

took place on September 2, and October 21, 2021. The evidence showed that Wagner had not committed a domestic battery or any other crimes in June 2020. Kim testified under oath that she initiated the altercation that resulted in Wagner's arrest when she attacked him and repeatedly hit him in the head with a hairbrush. Kim testified that she told police officers at the scene that she had initiated the incident by hitting Wagner. She acknowledged that when she was interviewed by the District, she omitted that she had instigated the altercation based on the advice of her attorney. Kim testified that Wagner did not hit or slap her during the incident. On February 22, 2022, the hearing officer issued his findings and recommendations, concluding that the District did not have irremediable cause to dismiss Wagner and recommending that he be reinstated. Nonetheless, the District approved a final resolution and order dismissing Wagner from employment "purely on the basis of [his June 2020] arrest record."

¶ 9 Wagner filed a complaint with the Illinois Department of Human Rights alleging employment discrimination on the basis of an arrest record. Wagner subsequently received notice from the Department permitting him to commence a civil action in the appropriate state court. Wagner timely filed his complaint.

¶ 10 In count I of the amended complaint, Wagner alleged a claim of employment discrimination against only the District. Wagner alleged that it was a civil rights violation under the Human Rights Act to discharge an employee on the basis of an arrest record (775 ILCS 5/2-103(A) (West 2020)). Wagner sought reinstatement to his employment, actual and punitive damages, costs, and reasonable attorney fees. In count II of the amended complaint, Wagner alleged a claim of intentional infliction of emotional distress against all the defendants and sought damages.

¶ 11    Attached to the amended complaint was the order that *nolle prossed* the charges against Wagner related to his June 2020 arrest, the notice of recommendation for dismissal and suspension without pay, the notice of dismissal, a bill of particulars, and the Board's resolution to dismiss Wagner.    The notices and resolution indicated that, following an investigation, the District determined that, on the night of the incident, Wagner was intoxicated and shoved his wife to the ground twice and blocked her from the leaving the residence.    The District also determined that Wagner gave untruthful statements during the investigation.    The District concluded that Wagner's conduct was immoral, criminal, unprofessional, insubordinate, and in violation of Board policy and thus warranted dismissal.    As noted above, Wagner alleged that the allegations in the recommendation of dismissal, the dismissal, the bill of particulars, and the resolution were false.

¶ 12                                      B. Motion to Dismiss

¶ 13    On June 14, 2022, the defendants filed a motion to dismiss Wagner's amended complaint, in part, pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619 (West 2020)), arguing that the claim was barred by affirmative matter outside the complaint that defeated the cause of action. Wagner does not appeal from the dismissal of count II.    Accordingly, we will only set forth the arguments related to the dismissal of count I.

¶ 14    First, the District argued that count I was barred because Wagner was not discharged on the basis of his arrest record.    Rather, he was properly discharged based on other information. The District relied on section 2-103(B) of the Human Rights Act, which states that an employer is not prohibited from discharging an employee based on "other information" that shows the employee actually engaged in the conduct for which he was arrested.    775 ILCS 5/2-103(B) (West 2020).    The District asserted that certain allegations in Wagner's amended complaint were

simply false and that the District had obtained other information that indicated Wagner engaged in the conduct that resulted in his arrest.

¶ 15   The District next argued that the claim for employment discrimination was barred by section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 2020)), which provides immunity to employees for policy determinations involving the exercise of discretionary authority, and section 2-109 (*id.* § 2-109), which extends this immunity to a public entity employer.   The District noted that, after reviewing all the information gathered during the investigation of the incident, Schroeder determined that Wagner was not credible and that he had lied during his interview.   Schroeder recommended that Wagner be terminated only after making credibility determinations, balancing the interest of Wagner in his continued employment against the impact of his conduct on the school environment, and making a judgment as to what was best for the school community.   The Board considered the same competing interests in passing a formal resolution to discharge Wagner.   The Board determined that Wagner had engaged in immoral, criminal, unprofessional and insubordinate conduct, had violated Board policy, and was unable to continue as a role model.   The District argued that, because Schroeder and the Board were immunized for making policy determinations and exercising discretionary authority in discharging Wagner, it was also immunized.

¶ 16   The District also argued that count I was barred by sections 2-208 and 2-109 of the Tort Immunity Act (*id.* §§ 2-208, 2-109).   The District asserted that section 2-208 provides an employee immunity for injuries caused by prosecuting an administrative proceeding with the scope of his or her employment "unless he acts maliciously and without cause."   The District argued that the conduct alleged in the amended complaint falls within that protected by section 2-208. Schroeder investigated Wagner's conduct and initiated an administrative proceeding to dismiss

Wagner and the complaint did not allege that Schroeder acted maliciously or without cause. The District argued that it was immune under section 2-109 of the Tort Immunity Act because the actions of Schroeder and the Board were immunized under section 2-208. Finally, the District argued that sections 2-102 and 2-213 of the Tort Immunity Act (*id.* §§ 2-102, 2-213) barred Wagner from recovering punitive damages.

¶ 17     The District attached affidavits from Schroeder, Hirsch, and Kessler and excerpts of Kim's testimony from the dismissal hearing to its motion to dismiss. In her affidavit, Schroeder stated that, in July 2020, she came across a news article that stated Wagner had been charged with domestic battery as a result of being heavily intoxicated and twice pushing an individual in his home to the ground. She determined it was necessary to investigate whether Wagner actually engaged in the alleged conduct. After receiving a copy of the police report, she interviewed Wagner. In contrast to information contained in the police report, Wagner denied that he consumed between 10 and 12 cans of beer on the night of the incident or that he had been physical with his wife. During Schroeder's interview with Kim, Kim stated that Wagner had been drinking on the night of the incident, had shoved her twice in front of the children, and had blocked her from exiting the home. Based on the information she had received, Schroeder determined that Wagner had been dishonest during his interview. She concluded that Wagner caused irreparable damage as a result of his immoral, unethical, and unprofessional conduct toward another District employee in violation of District policy and through his dishonesty during his interview with Schroeder. After balancing the interests of Wagner against the interests of the District, she recommended that Wagner be terminated.

¶ 18     Hirsch and Kessler stated in their affidavits that they were members of the District's Board, which made decisions on employee matters such as discipline and discharge. They were both

present at the Board meeting where Schroeder recommended that Wagner be dismissed. They reviewed the information presented by Schroeder and both voted in support of dismissing Wagner.

¶ 19    In the excerpt of her testimony from the dismissal hearing, Kim testified that she believed Wagner pushed her twice on the evening of the incident. Their children saw Kim hit Wagner with a brush and saw him push her. She believed that she may have fallen to the floor at one point. She did not remember if she had any bruises. Kim also testified that she may have said something in the interview with the District that she had verbally instigated the argument with Wagner, but she was not sure. Kim testified that the statement she gave to the police on the night of incident was truthful.

¶ 20                          D. Trial Court's Ruling

¶ 21    On July 21, 2022, the trial court entered a written order. The trial court noted that the District sought dismissal because Wagner's discharge was based on other information, as allowed by section 2-103(B) of the Human Rights Act, and not based on his arrest record. The trial court denied the request for dismissal on this basis, stating that it could not consider extrinsic evidence that merely negated the allegations of the amended complaint as those allegations must be taken as true for purposes of a section 2-619 dismissal. The trial court explained that, while the District asserted that the statements contained in the exhibits attached to the amended complaint were true and that this other information supported the dismissal, Wagner alleged that the exhibits attached to the amended complaint contained false statements and that the only actual basis for his dismissal was his arrest record.

¶ 22    In addressing the District's arguments in favor of dismissal on the basis of the Tort Immunity Act, the trial court found that the District's employees (Schroeder and the members of the Board)—and thus the District—were immune from liability under sections 2-109 and 2-201 of

the Tort Immunity Act. The trial court stated that decisions involving hiring and firing are discretionary decisions involving policy determinations. The trial court found that the District's employees served in positions involving the determination of policy and the exercise of discretion and the conduct at issue involved the exercise of discretion.

¶ 23 The trial court also found that dismissal on the basis of sections 2-109 and 2-208 of the Tort Immunity Act was appropriate. The trial court noted that section 2-208 granted absolute immunity to public employees involved in an administrative proceeding acting within the scope of their employment unless the employees' conduct was malicious and without cause. The trial court found that the allegations in the amended complaint showed that Schroeder and the Board members were engaged in an administrative act within the scope of their employment and that the allegations did not show that they acted maliciously and without cause. As they were provided immunity, so was the District.

¶ 24 Finally, the trial court noted that sections 2-102 and 2-213 of the Tort Immunity Act barred an award of punitive damages against a public entity or public officials serving in their executive, legislative, or quasi-judicial capacities. The trial court noted that the allegations in the first amended complaint clearly showed that Wagner's causes of action were against a public entity and public officials serving in their executive or quasi-judicial capacity. The trial court thus concluded that Wagner could not seek punitive damages. Thereafter, Wagner filed a timely notice of appeal.

¶ 25                                              II. ANALYSIS

¶ 26 On appeal, Wagner argues that the trial court erred in dismissing count I of his amended complaint. Wagner argues that dismissal was improper because the defendant's motion attempted to negate the essential allegations of his complaint. Alternatively, he argues that

dismissal was improper because the Tort Immunity Act is not applicable to his claim and, even if it were, it would only bar his claim for damages but not his request for equitable relief.

¶ 27    At the outset, we note that the record does not include a transcript of the hearing on the defendants' motion to dismiss.   Generally, in the absence of a record of the proceedings below, it is presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis.    *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).    "However, notwithstanding *Foutch*, a record of the proceedings in the lower court may be unnecessary when an appeal raises solely a question of law, which we review *de novo*."    *National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30.    Since this court reviews *de novo* an order of dismissal pursuant to section 2-619 (*Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003)), we do not need the transcripts of the hearing below to review the propriety of the trial court's dismissal.

¶ 28    A section 2-619 motion to dismiss assumes the allegations of the complaint are true but asserts an affirmative defense or other matter that would defeat the plaintiff's claim as a matter of law.    735 ILCS 5/2-619 (West 2020); *Nielsen-Massey Vanillas, Inc., v. City of Waukegan*, 276 Ill. App. 3d 146, 151 (1995).    Section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)), provides for involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."    735 ILCS 5/2-619(a)(9) (West 2020).    " '[A]ffirmative matter,' in a section 2-619(a)(9) motion, is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994); see also *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993) ("[t]he phrase 'affirmative matter'

encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action); *United City of Yorkville v. Fidelity & Deposit Co. of Maryland*, 2019 IL App (2d) 180230, ¶ 126 (although section 2-619 is not the proper method to contest the truth of a factual allegation, it does allow the movant to seek dismissal based on easily proven issues of fact related to the affirmative matter that is the asserted basis for the dismissal). We review the dismissal of a complaint under section 2-619 *de novo*. *Wallace v. Smyth*, 203 Ill. 2d 441, 447, (2002).

¶ 29 Wagner's first contention on appeal is that dismissal under section 2-619 was improper because the District's motion to dismiss attempted to negate the essential factual allegations of his complaint. The difference between a proper section 2-619 motion and an improper one has been described as the difference between a "yes but" motion and a "not true" motion. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 40. The former is proper as it admits that the allegations of the complaint are true and that the complaint states a cause of action, but argues that a defense exists, such as immunity from suit, that defeats the claim as a matter of law. *Id.*

¶ 30 On the other hand, a "not true" motion is improper because it essentially serves as nothing more than an answer that denies a factual allegation. *Id.* ¶ 41. "Such a fact-based motion is appropriate for a summary judgment motion or for resolution at trial." *Id.* If a section 2-619(a)(9) motion, and the evidence in support of that motion, does nothing more than refute the well-pleaded allegations of the complaint, the complaint trumps that evidence and dismissal is improper. *Id.* ¶ 43. " 'Section 2-619(a)(9) is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based "mini-trial" on whether plaintiff can support his allegations.' " *Id.* (quoting *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120207, ¶ 42).

¶ 31    In arguing that the motion to dismiss was essentially an improper "not true" motion, Wagner relies on *Smith v. Waukegan Park District*, 231 Ill. 2d 111 (2008), and *Loos v. County of Perry, Illinois*, No. 3:20-CV-1107-MAB, 2021 WL 3140739, (S.D. Ill. July 26, 2021).    In *Smith*, the plaintiff sued the defendant park district, alleging that it had discharged him in retaliation for filing a worker's compensation claim.    *Smith*, 231 Ill. 2d at 113.    The defendant filed a section 2-619(a)(9) motion to dismiss claiming immunity, in part, on the basis that the firing was a discretionary act and a determination of policy.    *Id.* at 114.    The trial court granted the defendant's motion.    *Id.* at 115.    The appellate court affirmed the dismissal and our supreme court granted the plaintiff's petition for leave to appeal.    *Id.* at 113.

¶ 32    The *Smith* plaintiff alleged in his complaint that he was fired for exercising his worker's compensation rights.    The complaint admitted that the defendant claimed the plaintiff was fired for refusing to take a drug test, but alleged that this was just a pretext to hide the plaintiff's unlawful discharge for exercising workers' compensation rights.    *Id.*    In an affidavit in support of the motion to dismiss, one of the defendant's supervisors stated that the defendant had an established drug testing policy that permitted testing an employee if there was a reasonable suspicion that an employee was under the influence.    *Id.* at 114.    The supervisor indicated that a medical record, which he reviewed while processing the plaintiff's workers' compensation claim, revealed that the plaintiff regularly used marijuana.    *Id.*    The supervisor asserted that this gave him a reasonable suspicion to believe that the plaintiff came to work after smoking marijuana and thus demanded that the plaintiff take a drug test.    When the plaintiff refused to take the drug test, the supervisor fired the plaintiff.    *Id.*    The supervisor stated he considered many factors in deciding to terminate the plaintiff including public safety, risks involved if the plaintiff came to work while under the influence, and the deterrent effect on other employees.    *Id.*

¶ 33    In addition to other reasons, the *Smith* court found that dismissal was improper under section 2-619 because the defendant's motion did nothing more than create a factual dispute over the motivation for the plaintiff's firing. *Id.* at 121. The court noted that, while the plaintiff asserted that he was fired for exercising workers compensation rights, the defendant asserted that the plaintiff's discharge was discretionary pursuant to an established drug policy. *Id.* The court noted that, for the defendant to properly invoke immunity pursuant to 2-619(a)(9), the defendant was required to admit the legal sufficiency of the complaint alleging that the plaintiff was fired for exercising his worker compensation rights but show that the legislature granted immunity for retaliatory discharge. *Id.*

¶ 34    In *Loos*, the plaintiff was a full-time public defender and, after she reported that her salary was less than the amount required by law, her job was eliminated. *Loos*, 2021 WL 3140739 at *1. The plaintiff filed a complaint against the defendant county and one of its employees alleging claims based on retaliation. The defendants filed a motion to dismiss based, in part, on immunity. *Id.*

¶ 35    In denying the motion to dismiss, the *Loos* court explained that the defendants were asking the court to find immunity based on facts that were simply not pleaded in the complaint. *Id.* *5. The court noted that, while the defendants' motion to dismiss alleged that the plaintiff's position was eliminated in order to save money, the plaintiff's complaint did not include any such allegation. Rather, the complaint indicated that the plaintiff was never given a reason for her dismissal and alleged that it was done because she insisted on a pay increase to bring her salary into compliance with applicable law. *Id.* She also alleged that eliminating her position did not cut costs because the defendant county was paying a part-time public defender a larger salary than it had paid to her. The *Loos* court stated that the allegations of the complaint implied that the

claim of cost-cutting was an after-the-fact pretextual justification for eliminating her position. The court further noted that the allegations of the complaint did not demonstrate that the decision to eliminate the position was a "judgment call between competing interests." The court concluded that "the factual allegations in the complaint do not establish that the [defendant] is immunized" under the Tort Immunity Act. *Id.*

¶ 36 In the present case, similar to *Smith* and *Loos*, dismissal is improper because the District's motion to dismiss essentially denied the factual allegations of the amended complaint. In that complaint, Wagner alleged that he did not engage in the conduct which led to his arrest and that he was dismissed purely on the basis of his arrest record. Further, the complaint alleged that when the District conducted interviews, the District did not obtain any information that indicated Wagner committed a crime or engaged in the alleged conduct which led to his arrest. The complaint also alleged that the allegations in the District's notice of recommendation for dismissal, the resolution to dismiss, the bill of particulars, and the allegations set forth during Schroeder's presentation to the Board, were false.

¶ 37 In its motion to dismiss, the District does not admit that Wagner was fired based on his arrest record, and then argue that it was immunized for exercising its discretionary authority to discharge him on that basis. Rather, the District argues that it did not fire Wagner based on his arrest record but that it conducted an investigation and determined that Wagner lied when interviewed and actually engaged in the conduct that was the basis for his arrest. The motion to dismiss thus raised a factual dispute over whether Wagner actually engaged in the conduct that led to his arrest and whether the decision to fire him was an exercise of discretion and a balancing of competing interests or whether it was based solely on his arrest record. Even the trial court, in denying the District's request for dismissal under section 2-103(B) of the Human Rights Act, noted

that the assertion that Wagner was fired based on other information negated the allegations of the amended complaint, which must be taken as true for purposes of dismissal. Accordingly, the motion to dismiss was essentially a "not true" motion and dismissal under section 2-619 was improper. *Doe*, 2015 IL App (1st) 133735, ¶ 41. Further, because this issue is dispositive, we need not address the additional contentions raised on appeal.

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, we reverse the judgment of the circuit court of Lake County dismissing count I of Wagner's amended complaint and remand for additional proceedings.

¶ 40    Reversed and remanded.